533 A.2d 1300

**William E. DOEHRING, Personal Representative of the Estate of William E. Doehring, Jr. et al.**

**v.**

**George O'Neill WAGNER et al.**

**No. 120, Sept. Term, 1987.**

Court of Appeals of Maryland.

Dec. 9, 1987.

Thomas V. Friedman, Baltimore, for appellant.

Charles N. Kitterman and Donahue, Ehrmantraut & Montedonico, Baltimore, for appellee.

Submitted to MURPHY, C.J., and ELDRIDGE, COLE, RODOWSKY, McAULIFFE, ADKINS and BLACKWELL, JJ.

ELDRIDGE, Judge.

Petitioners brought this wrongful death action in the Circuit Court for Harford County. After some discovery, the respondents (defendants below) filed a motion for summary judgment. Following memoranda and oral argument, the circuit court on February 6, 1987, granted the respondents' motion for summary judgment and issued an opinion. The docket for February 6, 1987, indicated that a memorandum opinion was filed and that the defendants' motion for summary judgment was granted. The entire docket entry for February 6, 1987, reads as follows:

"Feb. 6, 1987 Memorandum Opinion (Judge Whitfill). Defts.', George O'Neill Wagner, Motion for Summary Judgment is GRANTED."

There is no indication that the circuit court contemplated the entry of any further orders. The next entry on the docket reflects that the petitioners on March 5, 1987, filed an order of appeal to the Court of Special Appeals.

On June 1, 1987, the Court of Special Appeals, on its own motion, issued an order dismissing the appeal. The appellate court's order recited that the appeal was taken "from a Memorandum Opinion ... wherein the Court ordered that the Defendant's Motion for Summary judgment be granted" and that "there has been no entry of a final judgment from which an appeal to this Court would lie." The order of dismissal went on to cite *Felger v. Nichols*, 30 Md.App. 278, 352 A.2d 330 (1976).

The plaintiffs-appellants then filed in this Court a petition for a writ of certiorari, asserting that the circuit court's order granting the defendants' motion for summary judgment "clearly had the effect of putting the Petitioners out of court" and thus constituted a final judgment under this Court's opinions in *Houghton v. County Com'rs of Kent Co.*, 307 Md. 216, 513 A.2d 291 (1986), and 305 Md. 407, 504 A.2d 1145 (1986). The respondents, in their answer to the certiorari petition, acknowledged that the "Circuit Court granted Summary Judgment as to the entire case," that the only thing lacking in the circuit court's order was that "the words 'final judgment' were not printed on the docket," and that the circuit court's order "constituted an appealable order" under *Houghton*.

Having granted the petition for a writ of certiorari, we shall vacate the Court of Special Appeals' dismissal order and remand the case for a determination of the merits of the appeal.

■ It is true that an appeal cannot properly be taken merely because a circuit court issues an opinion if there is an absence of a final judgment. Appeals are taken from judgments and not opinions. *See, e.g., Adm'r, Motor Veh. Adm. v. Vogt*, 267 Md. 660, 665, 299 A.2d 1 (1973); *Alberstadt v. Alberstadt*, 257 Md. 552, 553, 263 A.2d 5?5 (1970); *McCann v. McGinnis*, 257 Md. 449, 505, 263 A.2d 536 (1970), and cases there cited. Nevertheless, when the trial court, along with an opinion, makes a ruling which is designed to and which in substance does finally terminate

the case in that court, and when that ruling becomes embodied in whatever formal action is necessary to constitute a final judgment, an appeal may then be taken. *See, Adm'r, Motor Veh. Adm. v. Vogt, supra,* 267 Md. at 663–665, 299 A.2d 1.

■ Here, the defendants' motion for summary judgment, and the trial court's ruling granting that motion, related to the entire case. The trial court's ruling was unqualified; nothing in the trial court's action suggested any contemplation that a further order be issued or that anything more be done. The trial court's action put the plaintiffs out of court, denying them the means of further prosecuting the matter in the circuit court. Therefore, under our cases, the circuit court's order of February 6, 1987, was intended to be and in substance was a final judgment terminating the litigation in that court. *Walbert v. Walbert,* 310 Md. 657, 661, 531 A.2d 291 (1987); *Houghton v. County Com'rs of Kent Co., supra,* 307 Md. at 221–222, 513 A.2d 291, and cases there cited.

Moreover, there was compliance with the formal requirements for a final judgment in a case like this. It must be remembered that, with the adoption of new Maryland rules of procedure effective July 1, 1984, the requirements of a judgment nisi or verdict followed by the entry of final judgment three days later in actions at law, and a separate decree signed by the trial judge in equity actions, were abolished. Furthermore, the new Maryland rules did *not* adopt the federal requirement that "[e]very judgment shall be set forth on a separate document." Rule 58, F.R.Civ.Pr. Instead, in the majority of circuit court civil cases, the only formal requirement for a judgment is the entry of judgment on the docket by the clerk in accordance with Maryland Rule 2–601(a) and (b).[1] In addition, Rule 2–601 does not require that any specific words, such as "judgment," be

---

1. Of course, with regard to some particular types of actions or circumstances, other rules or statutes may contain additional formal requirements.

used by the clerk. *Houghton v. County Com'rs of Kent Co., supra,* 307 Md. at 223–224, 513 A.2d 291. The entry in the present case was clearly sufficient. After setting forth the date and reflecting the issuance of an opinion, it recited without qualification: "Defts.' ... Motion for Summary Judgment is GRANTED." Under the circumstances, nothing more was required by the case law or by the rules.

The Court of Special Appeals' reliance upon *Felger v. Nichols, supra,* 30 Md.App. 278, 352 A.2d 330, was misplaced. We discussed *Felger* in *Houghton v. County Com'rs of Kent Co., supra,* 307 Md. at 226–227, 513 A.2d 291, as follows:

"In *Felger,* the intermediate appellate court held that the granting of the defendant's motion for summary judgment under former Rule 610, entered on the docket, did not amount to a final judgment. The Court based this holding upon its interpretation of former Maryland Rule 610 d 1, and its view that Rule 610 d 1, like the rules applicable to directed verdicts, required that something more be done. The Court of Special Appeals' reasoning in *Felger* was as follows (30 Md.App. at 279, 352 A.2d at 331):

'Maryland Rule 610 d 1 requires that when a motion for summary judgment is granted, the "judgment sought shall be rendered forthwith." This rule establishes that the grant of the motion is nothing more than a determination that the moving party is entitled to a judgment. It does not itself constitute the entry of final judgment.

'In our view, the grant of such a motion is analogous to the grant of a motion for a directed verdict. There is no right of appeal from the grant of a motion for a directed verdict. [citing *Eastgate Associates v. Apper,* Md., 350 A.2d 661].'

"Whether or not *Felger's* interpretation of former Rule 610 was correct, the holding in that case clearly rested upon an interpretation of the former summary judgment

rule and the conclusion that the rule was analogous to the former rules governing directed verdicts."

As previously pointed out, the concept of the former rules relating to the entry of directed verdicts or judgments nisi, followed later by the entry of final judgment, was abolished effective July 1, 1984. The *Felger* opinion analogized the former summary judgment procedure to the former procedure concerning directed verdicts and judgments nisi. Whether or not this view of the old summary judgment rule was correct is of academic interest only. The rules, and the formal requirements for final judgments in actions at law, were changed in 1984. The *Felger v. Nichols* interpretation of the former summary judgment rule is an historical relic, constituting no authority for the future.[2]

In the case at bar, the order of the circuit court granting the respondents' motion for summary judgment, entered on the docket in accordance with Rule 2–601, was appealable as a final judgment under Maryland Code (1974, 1984 Repl. Vol.), § 12–301 of the Courts and Judicial Proceedings Article. The appeal should not have been dismissed.

JUDGMENT OF THE COURT OF SPECIAL APPEALS VACATED, AND CASE REMANDED TO THAT COURT FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION. COSTS TO ABIDE FINAL RESULT OF APPEAL.

---

**2.** While the interpretation of the former summary judgment rule in *Felger v. Nichols* has no present significance, it should be pointed out that the *decision* in *Felger* was correct and would be correct today. The *Felger* opinion recites that the trial judge in that case, when he granted the motion for summary judgment, stated that " 'Counsel will prepare order,' " 30 Md.App. at 279, 352 A.2d 330. This fact did not appear to be the basis for the court's decision in *Felger,* and the opinion's reasoning leads to the conclusion that an unqualified grant of a summary judgment motion would not be deemed an appealable order. Nonetheless, it seems clear that the trial judge in *Felger* did not intend that his ruling granting summary judgment finally terminate the litigation. For this reason, the order would not have constituted a final judgment. *See Walbert v. Walbert,* 310 Md. 657, 661, 531 A.2d 291 (1987); *Dawson's Charter Serv. v. Chin,* 68 Md.App. 433, 437–438, 511 A.2d 1138 (1986).