631 A.2d 447

Muriel Jennings WALLER et al.

v.

MARYLAND NATIONAL BANK.

No. 90, Sept. Term, 1993.

Court of Appeals of Maryland.

Oct. 5, 1993.

**376**

Edwin A. McCabe, The McCabe Group, Cambridge, MA, and Daniel F. Goldstein, Brown, Goldstein & Levy, Baltimore, for petitioners.

James Eyler and Marian Hwang, Miles & Stockbridge, Baltimore, for respondent.

Submitted to MURPHY, C.J., and ELDRIDGE, RODOWSKY, McAULIFFE, CHASANOW, KARWACKI and ROBERT M. BELL, JJ.

PER CURIAM.

We summarily grant the petition for certiorari in this case and vacate the judgment of the Court of Special Appeals because of the absence of a final judgment in the trial court.

The action of the trial court from which petitioners appealed was the entry of summary judgment in favor of respondent. Although the transcript of proceedings indicates the trial judge intended his ruling to be final without the necessity of a subsequent written order, the clerk erroneously added words to the docket entry indicating a contrary intent. The docket entry, made on the day the trial court decided the motion, reads:

Defendant's second motion for summary judgment heard and "granted" as to remaining counts 3, 4 and 5. Order to be filed.

No subsequent order was presented or filed, presumably because the parties understood the intent of the trial judge and were not aware of the form of the docket entry. The appeal was noted within 30 days of the date of the docket entry.

The Court of Special Appeals correctly observed that the trial judge intended his action to be final; that his order resolved all outstanding claims between the parties; and that the clerk's addition of the words "[o]rder to be filed" was unauthorized. *Waller v. Maryland Nat'l Bank*, 95 Md.App. 197, 208, 620 A.2d 381 (1993). The intermediate appellate court erred, however, when it concluded that the unauthorized portion of the docket entry could simply be disregarded, and the remaining portion treated as a final order.

Maryland Rule 2–601, which governs the entry of judgment, provides in pertinent part:

**(a) When Entered.**—Upon a general verdict of a jury or upon a decision by the court allowing recovery only of costs or a specified amount of money or denying all relief, the clerk shall forthwith enter the judgment, unless the court orders otherwise. Upon a special verdict of a jury or upon

a decision by the court granting other relief, the clerk shall enter the judgment as directed by the court. Unless the court orders otherwise, entry of the judgment shall not be delayed pending a determination of the amount of costs.

(b) **Method of Entry—Date of Judgment.**—The clerk shall enter a judgment by making a record of it in writing on the file jacket, or on a docket within the file, or in a docket book, according to the practice of each court, and shall record the actual date of entry. That date shall be the date of the judgment.

In *Rohrbeck v. Rohrbeck,* 318 Md. 28, 41, 566 A.2d 767 (1989), we said:

> If a ruling of the court is to constitute a final judgment, it must have at least three attributes: (1) it must be intended by the court as an unqualified, final disposition of the matter in controversy, (2) unless the court properly acts pursuant to Md.Rule 2-602(b), it must adjudicate or complete the adjudication of all claims against all parties, and (3) the clerk must make a proper record of it in accordance with Md.Rule 2-601.

The ruling in the case before us possessed the first and second of these attributes, but not the third. The record made by the clerk certified that the ruling was *not* final, because a subsequent order was to be filed. *See Atlantic Food v. City of Annapolis,* 70 Md.App. 721, 725–27, 523 A.2d 648 (1987) (docket entry ending with statement "Attorneys to prepare Orders" not final).

■ Rule 2-601 makes it clear that whether a final judgment has been entered must be determined by reference to the docket entry. Accordingly, the date and form of a docket entry purporting to enter final judgment take on special significance.

> The "date of entry" of a judgment is a term of art that is especially significant in calculating the time periods for reviewing and enforcing judgments. It triggers the time for filing postjudgment motions, for filing an appeal, and for enforcing judgments. It establishes the date of a lien on

real property. For reasons such as these, the procedures for entering a judgment and for determining its date of entry are precise and certain.

P. Niemeyer & L. Schuett, *Maryland Rules Commentary*, 445 (2d Ed.1992).

Under this rule, there is no doubt about the date when a judgment is entered. Litigants and third persons can look at the file or docket to determine when the judgment was entered, and they are entitled to rely on that date as a public record.

*Id.* at 446.

 It is generally true that when there is a conflict between the transcript of a trial and the docket entries, the transcript, unless shown to be in error, will prevail. *Shade v. State*, 18 Md.App. 407, 411, 306 A.2d 560 (1973). That principle would be fully applicable here, if a motion were filed to correct the erroneous docket entry. Where, however, the rules rely upon the form and date of the docket entry to establish the finality and date of finality of an order, the docket entry will control until corrected. As we made clear in *Estep v. Georgetown Leather*, 320 Md. 277, 284, 577 A.2d 78 (1990) and *Doehring v. Wagner*, 311 Md. 272, 274–75, 533 A.2d 1300 (1987), the docket entry itself must be sufficient to show finality.

 For the protection of the parties and third persons, it is important that the integrity of the written docket entry be observed, until it is corrected or modified.[1] Had petitioners been aware of the form of the docket entry made in this case, and delayed the filing of this appeal beyond 30 days awaiting the filing of an order, they would not lose their appeal simply because the clerk erroneously made an entry that was non-final in form. If, instead of making the docket entry here

---

1. Clerical mistakes in the record may be corrected by the trial court at any time. During the pendency of an appeal, such mistakes may be so corrected before the appeal is docketed by the appellate court, and thereafter with leave of the appellate court. Maryland Rule 2–535(d).

recorded, the clerk had made an even more egregious error, and had entered "motion taken under advisement," it cannot be supposed that we would treat that docket entry as a final judgment simply because the trial judge intended that a final judgment be entered. The docket entry entered in this case did not establish a final judgment, and the Court of Special Appeals was without authority to entertain an appeal taken therefrom.

The problem presented by this case is not without a reasonable solution. The Court of Special Appeals must dismiss the appeal. The case remains in the trial court, where the docket entry may be corrected by order of court. When the correcting order is entered, a final judgment will result, and a new appeal may be taken. The Court of Special Appeals may then entertain the appeal upon the same briefs and record. The additional delay and inconvenience is regrettable, but essential if we are to preserve the integrity of the docket entry as the means for determining when a final judgment has been entered.[2]

*JUDGMENT OF THE COURT OF SPECIAL APPEALS VACATED; CASE REMANDED TO THAT COURT FOR DISMISSAL OF THE APPEAL; COSTS IN THIS COURT AND IN THE COURT OF SPECIAL APPEALS TO BE PAID BY PETITIONERS.*

---

2. Had a confirmatory order been filed by the trial court after its oral ruling, and after the appeal had been noted, the appeal could have been saved by the use of Maryland Rule 8–602(d). That was not the case here, however, and thus the record must be sent back to the trial court for correction.