646 A.2d 365

**Frank Joseph DAVIS**

v.

**Patricia Lee DAVIS.**

**No. 107, Sept. Term, 1993.**

Court of Appeals of Maryland.

Aug. 24, 1994.

700

Allen J. Kruger (Kruger, Kovelant & Hollmann, all on brief), Laurel, for petitioner.

Debra B. Koehler, Naji P. Maloof, on brief, Upper Marlboro, for respondent.

Argued before MURPHY, C.J., and ELDRIDGE, RODOWSKY, CHASANOW, KARWACKI, BELL and RAKER, JJ.

RAKER, Judge.

The petitioner in this appeal has raised several procedural challenges to the validity of both a judgment of absolute divorce and a marital property distribution. We are asked to determine whether the trial court's failure to comply with the time limitations set by Maryland Code (1991 Repl.Vol.) § 8–203(a) of the Family Law Article and/or with Maryland Rule S75(c), which prohibits the use of stale testimony in entering final decrees in certain actions, divests the court of jurisdiction over the underlying action. We hold that neither § 8–203(a) nor Rule S75(c) is jurisdictional in nature and that a trial court's failure to comply with either provision has no effect upon the power of the court to render a valid and binding judgment. Accordingly, we affirm the judgment of the Court of Special Appeals.

I.

Petitioner Frank Davis and Respondent Patricia Davis were married on December 14, 1985 and separated in January 1988. On July 29, 1988, Mr. Davis filed a complaint for limited divorce in the Circuit Court for Charles County. Ms. Davis answered and filed a counterclaim for absolute divorce, alimony and other relief on August 15, 1988. Throughout the remainder of 1988 and through 1989, the parties were embroiled in various discovery disputes which caused a hearing on the merits to be delayed until February 1990. At the hearing held on February 28, 1990 before Judge George W. Bowling, Mr. Davis amended his complaint to request an absolute divorce based upon the parties' two-year separation. The testimony at the hearing was subsequently limited to the issue of whether grounds for an absolute divorce existed. At the close of the hearing, the following colloquy took place between the court and counsel for the parties:

THE COURT: The Court concludes, based on the testimony, that the plaintiff [Mr. Davis] has established grounds to grant him a divorce absolute on the grounds that the parties have lived separate and apart for the statutory period of more than two years. The Court reserves, however, the authority under the statute to make a marital award, if any, after hearing testimony on the property interest of the parties and that the parties will be entitled at that time to present any testimony that they desire to present on the issues or the factors that are to be considered by the Court in reaching a conclusion as to what award, if any, ought to be made. And those factors are listed in the statute, and therefore all parties are entitled to present any evidence they care to on the issues, including the cause of the breakup of the marriage.

[COUNSEL FOR MS. DAVIS]: Could we have a time reservation on that?

THE COURT: 90 days.

[COUNSEL FOR MS. DAVIS]: And if we cannot get a date within that period, Your Honor—

THE COURT: Then the Court will extend it beyond the 90 days, if need be, but I would suggest—we ought to try to get this settled as soon as possible, so you just inform the assignment office that we need this to be heard within 90 days.

[COUNSEL FOR MS. DAVIS]: Maybe we can go over there from here, Your Honor.

THE COURT: Yes.

The docket entry for February 28, 1990 reads as follows:

Court grants Absolute Divorce to Plaintiff, Frank Joseph Davis from Defendant, Patricia Lee Davis.

Court reserves authority to make marital award for ninety (90) days.

Although the ninety-day period from the February 28 hearing expired on or about May 28, 1990, the court did not make a marital property determination and disposition within that time period, nor did the court extend the time for determina-

tion of the marital property matters. The hearing on the issue of marital property was scheduled for May 8, 1990, but the court was unable to reach the matter on that date. The matter was rescheduled to October 5, 1990, and then, on June 18, 1990, was reset again to September 28, 1990. As of May 28, 1990, however, the parties had not presented the trial judge with the evidence necessary to permit him to designate and make a disposition of marital property.

After the February 28 hearing, the parties, on their own initiative, drafted an order of divorce and forwarded the order to the court, although the court had at no time during the February 28 hearing indicated that a written order of divorce would be issued. On June 11, 1990, however, the court signed an Order for Judgment of Absolute Divorce, which stated:

This matter having come on for a hearing on the 28th day of February, 1990, and testimony and evidence having been taken herein, it is thereupon this 11th day of June, 1990, by the Circuit Court for Charles County, Maryland,

ORDERED, that the Plaintiff, FRANK JOSEPH DAVIS, is hereby granted a Judgment of Absolute Divorce from the defendant, PATRICIA LEE DAVIS; and it is further

ORDERED, that the Court reserves the authority to make a marital award, if any, after taking testimony and evidence on the property interests of the parties, and that the parties will be entitled at that time to present any testimony they desire to present on the issues or factors that are to be considered by the Court in reaching a conclusion as to what award should be made; and it is further

ORDERED, that the Court reserves the authority to take testimony and evidence on any and all other issues including alimony and the cause of the break-up of the marriage which exist by and between the parties.

The docket entry dated June 11, 1990 reads "Order for Judgment of Absolute Divorce filed and copy mailed Attorneys."

On August 2, 1990, the parties submitted a joint stipulation of counsel regarding the court's ninety-day limitation on the resolution of marital property issues. The stipulation provided:

> FRANK JOSEPH DAVIS, Plaintiff/Counter–Defendant, and PATRICIA LEE DAVIS, Defendant/Counter–Plaintiff, by and through their respective counsel, hereby enter into this Stipulation as provided by the Annotated Code of Maryland Family Law Article, Section 8–203 (1989 Supplement) with the intent and purpose to extend the ninety (90) days from the date of Absolute Divorce signed on June 11, 1990, within which the issue of marital property and property distribution would be reserved. Counsel for Plaintiff/Counter–Defendant and counsel for Defendant/Counter–Plaintiff further consent to have all issues of marital property and property distribution heard at the hearing scheduled for October 5, 1990 at 9:30 a.m.

Although the parties' stipulation was filed with the court and entered on the docket, the stipulation was never signed or otherwise consented to by the court.

Beginning on September 28, 1990, and continuing on October 19, December 12, and December 13, the court heard testimony and arguments on the reserved issues of marital property, counsel fees, and alimony. On July 2, 1991, the court filed an extensive Opinion and Order in which the court designated certain property as marital property, granted Ms. Davis a monetary award of $30,000, and denied Ms. Davis' requests for alimony and counsel fees. The court denied both parties' post-judgment motions on January 7, 1992.

On January 20, 1992, Mr. Davis filed an appeal to the Court of Special Appeals, challenging for the first time the Circuit Court's jurisdiction to make the marital property determination and monetary award. Mr. Davis offered three arguments in support of his contention that the July 2, 1991 Opinion and Order was void *ab initio*. First, Mr. Davis asserted that the court had failed to comply with the time requirements set by

§ 8–203(a) of the Family Law Article. Section 8–203 provides, in pertinent part:

(a) *Time of court action.*—In a proceeding for an annulment or an absolute divorce, if there is a dispute as to whether certain property is marital property, the court shall determine which property is marital property:

(1) when the court grants an annulment or an absolute divorce;

(2) within 90 days after the court grants an annulment or divorce, if the court expressly reserves in the annulment or divorce decree the power to make the determination; or

(3) after the 90–day period if:

(i) the court expressly reserves in the annulment of divorce decree the power to make the determination;

(ii) during the 90–day period, the court extends the time for making the determination; and

(iii) the parties consent to the extension.

Mr. Davis contended that the court's failure to resolve the marital property issues within ninety days of February 28, 1990, the date that Mr. Davis asserted that the judgment of divorce was granted, divested the court of the power to render a judgment on the marital property issues.

Second, Mr. Davis argued that the court had violated Maryland Rule S75(c) in that the July 2, 1991 Opinion and Order was issued more than ninety days after the testimony on the issues of marital property had been concluded. Maryland Rule S75(c) provides:

c. *Stale Testimony.*

In an action for divorce, annulment, or alimony in which the testimony has been concluded for more than 90 days without entry of a final decree, a final decree may not be entered until supported by additional testimony justifying the conclusion that there has been no substantial change since the prior testimony was concluded.

Mr. Davis contended that the violation of Maryland Rule S75(c) provided an independent basis for concluding that the

trial court was without jurisdiction to make the marital property determination.

Finally, Mr. Davis attacked the validity of the July 2, 1991 Opinion and Order by claiming that the court was without jurisdiction to grant the judgment of absolute divorce. Although for the purposes of his first argument Mr. Davis had asserted that the judgment of divorce was granted on February 28, Mr. Davis argued that, should the intermediate appellate court determine that June 11, 1990 was the date that the judgment of divorce was granted, the Circuit Court had failed to comply with Rule S75(c) in that instance as well. Again contending that Rule S75(c) is jurisdictional, Mr. Davis argued that the court lacked jurisdiction to grant the divorce and, consequently, was without jurisdiction to make a marital property determination.

After considering the merits of each of Mr. Davis' arguments, the Court of Special Appeals affirmed the judgment of the Circuit Court. *Davis v. Davis*, 97 Md.App. 1, 627 A.2d 17 (1993). The Court of Special Appeals first held that the judgment of divorce had been granted on June 11, 1990, the date of the Circuit Court's written order stating "[on] this 11th day of June, 1990 ... the Plaintiff, FRANK JOSEPH DAVIS, is hereby granted a Judgment of Absolute Divorce...." Finding that the trial judge's oral remarks at the February 28 hearing were merely "comments on its findings of fact and conclusion of law" and did not constitute "an express ruling," the intermediate appellate court concluded that the judge did not intend to grant Mr. Davis an absolute divorce on that date. *Id.* at 11, 627 A.2d at 22. The court then stated that since the record did not "clearly indicate[ ] that the court directed the clerk to enter judgment, the clerk ha[d] no authority to do so" and thus the clerk "erred when he entered the judgment for absolute divorce on the docket" on February 28. *Id.* at 11–12, 627 A.2d at 22.

Turning then to the merits of Mr. Davis' arguments, the Court of Special Appeals considered first Mr. Davis' contention that the Circuit Court was without jurisdiction to render

the marital property distribution because the court had failed to comply with § 8–203(a). Without discussion, the intermediate appellate court held that the parties' August 2, 1990 stipulation extended the time period in which the marital property distribution could be made and that § 8–203(a) thereby had not been violated. *Id.* at 12, 627 A.2d at 22. The court went on to state, however, that even if it had found that § 8–203(a) had been violated, § 8–203(a) is not jurisdictional in nature and, therefore, a failure to comply with the time limitations of that section cannot be raised for the first time on appeal, as Mr. Davis had done. *Id.* at 21, 627 A.2d at 27.

Addressing next Mr. Davis' Rule S75(c) challenge to the validity of the judgment of absolute divorce, the Court of Special Appeals held that Mr. Davis' appeal from that judgment was untimely and that he was thereby precluded from raising any issues relating to the divorce judgment. *Id.* at 18, 627 A.2d at 25. Having concluded that the divorce was granted on June 11, 1990, the court held that Mr. Davis was required to file an appeal within thirty days of that date, *see* Rule 8–202(a), and that Mr. Davis' appeal, which was not filed until January 20, 1992, was consequently untimely. 97 Md. App. at 18, 627 A.2d at 25.

Finally, with respect to Mr. Davis' Rule S75(c) challenge to the validity of the July 2, 1991 Opinion and Order resolving the marital property issues, the Court of Special Appeals dismissed Mr. Davis' argument on the grounds that Rule S75(c) does not apply to marital property actions. *Id.* at 21, 627 A.2d at 27. Noting that the rule refers only to actions "for divorce, annulment, or alimony," the court held that Rule S75(c) does not prohibit the use of stale testimony in rendering a marital property judgment. *Id.*

We granted Mr. Davis' petition for a writ of certiorari on November 23, 1993. For reasons different than those expressed by the intermediate appellate court, we likewise reject each of Mr. Davis' challenges to the validity of the July 2, 1991 Opinion and Order and to the judgment of absolute divorce.

## II.

Before we consider whether the procedural requirements of § 8–203(a) and/or Maryland Rule S75(c) were violated, and the effect, if any, such violations have upon the power of a court to render a valid judgment, we must first ascertain the date that the judgment of absolute divorce was granted. Mr. Davis asserts that the judgment of absolute divorce was granted on February 28, 1990. Ms. Davis argues, and the Court of Special Appeals agreed, that the judgment of absolute divorce was granted on June 11, 1990. Therefore, the threshold question that must be resolved is, simply put, "the old, old question of when is a judgment a judgment." *Cedar Creek Oil & Gas Co. v. Fidelity Gas Co.,* 238 F.2d 298 (9th Cir.1956).

Under the Maryland Rules, a judgment is "any order of the court final in its nature and entered pursuant to these rules." Maryland Rule 1–202(m).[1] The manner in which a judgment is to be entered is provided by Maryland Rule 2–601, which reads, in pertinent part:

(a) *When entered.*—Upon a general verdict of a jury or upon a decision by the court allowing recovery only of costs or a specified amount of money or denying all relief, the clerk shall forthwith enter the judgment, unless the court orders otherwise. Upon a special verdict of a jury or upon a decision of the court granting other relief, the clerk shall enter the judgment as directed by the court. Unless the court orders otherwise, entry of the judgment shall not be delayed pending a determination of the amount of costs.

(b) *Method of entry—Date of Judgment.*—The clerk shall enter a judgment by making a record of it in writing on the file jacket, or on a docket within the file, or in a docket book, according to the practice of each court, and shall

---

1. Maryland Rule 1–202(m) reads:
   (m) *Judgment.*—"Judgment" means any order of court final in its nature and entered pursuant to these rules.

record the actual date of entry. That date shall be the date of the judgment.

Read in conjunction, Rule 1-202(m) and Rule 2-601 make clear that two acts must occur for an action by a court to be deemed the granting of a judgment: the court must render a final order and the order must be entered on the docket by the clerk. These two required acts—*rendition* of a judgment by the court and *entry* of the judgment by the clerk—are discrete occurrences. Rendition of judgment is the judicial act by which the court settles and declares the decision of the law on the matters at issue. In other words, rendition is the court's pronouncement, by spoken word in open court or by written order filed with the clerk, of its decision upon the matter submitted to it for adjudication. The second act required under Maryland law—the clerk's entry of the judgment on the docket—is the purely ministerial act by means of which permanent evidence of the judicial act of rendering the judgment is made a record of the court. *See Doehring v. Wagner,* 311 Md. 272, 533 A.2d 1300 (1987); *Corey v. Carback,* 201 Md. 389, 94 A.2d 629 (1953).

A judgment is therefore not granted until it is both properly rendered and properly entered. As such, we must answer two questions in determining whether the judgment of absolute divorce was granted on February 28, 1990: (1) Did the court orally render a judgment of absolute divorce on that date? and (2) If the judgment of absolute divorce was in fact rendered, was the judgment properly entered by the clerk of the court in accordance with Rule 2-601? *Cf. Rohrbeck v. Rohrbeck,* 318 Md. 28, 41, 566 A.2d 767, 773 (1989) (3-part test for whether judgment is a final judgment for appealability purposes: (1) court must intend to presently render an unqualified, final decision regarding the matter in controversy; (2) court must adjudicate all claims; and (3) clerk must enter the judgment as required by Rule 2-601).

## A.

The determination of whether a court has rendered judgment turns on whether the court indicated clearly that it

had fully adjudicated the issue submitted and had reached a final decision on the matter at that time. In other words, the trial court's ruling must be "an unqualified, final disposition of the matter in controversy." *Rohrbeck,* 318 Md. at 41, 566 A.2d at 773; *see also Anthony v. Clark,* 335 Md. 579, 644 A.2d 1070 [No. 81, September Term, 1993, decided July 15, 1994]. There are, however, no formal requirements regarding the rendition of a judgment. *See, e.g., United States v. Hark,* 320 U.S. 531, 534, 64 S.Ct. 359, 361, 88 L.Ed. 290, 292 (1944). As one court has observed, "[t]here are no hard and fast rules for determining what is a judgment." *Associated Press v. Taft–Ingalls Corp.,* 323 F.2d 114, 115 (6th Cir.1963). Rather, whether a judgment has been rendered in a particular case is an inquiry that must be made on a case-by-case basis and which focuses upon the actions and statements of the court.

In this case, we conclude that the court did indeed render the judgment of absolute divorce on February 28, 1990. At the conclusion of the February 28 hearing, which was devoted solely to consideration of Mr. Davis' amended complaint seeking absolute divorce, the court stated:

> The Court concludes, based on the testimony, that the plaintiff [Mr. Davis] has established grounds to grant him a divorce absolute on the grounds that the parties have lived separate and apart for the statutory period of more than two years. The Court reserves, however, the authority under the statute to make a marital award, if any, after hearing testimony on the property interest of the parties and that the parties will be entitled at that time to present any testimony that they desire to present on the issues or factors that are to be considered by the Court in reaching a conclusion as to what award, if any, ought to be made.

In stating "[t]he Court concludes, based on the testimony, that the plaintiff [Mr. Davis] has established grounds to grant him a divorce absolute," it is clear that the court found no impediment to rendering a judgment of divorce at that time. More importantly, there is nothing in the court's language which would even remotely suggest that any further hearings or

further action by the court was either contemplated or necessary for the divorce to be granted: there was no "contemplation that a further order [was to] be issued or that anything more [was to] be done." *Rohrbeck,* 318 Md. at 41–42, 566 A.2d at 773 (citations omitted).

While the court's statement that Mr. Davis had established grounds for the grant of a divorce might not, standing alone, indicate that the court intended to render judgment of absolute divorce at that time, the trial judge further stated that "The Court reserves ... the authority under the statute to make a marital award" for a period of ninety days. The court's express reservation of a ruling upon marital property issues for a ninety-day period pursuant to § 8–203(a) factors significantly in our conclusion that the court did in fact intend to render an unqualified, final judgment of divorce on February 28. Section 8–203(a) provides that "the court shall determine which property is marital property (1) when the court *grants* an annulment or an absolute divorce; [or] (2) within 90 days after the court *grants* an annulment or divorce, if the court expressly reserves in the annulment or divorce decree the power to make the determination." (emphasis added). If the court did not intend to render the judgment of divorce on February 28, there would have been no reason for the court, at that time, to reserve the power to make a marital property distribution. We find that the reservation of the power to rule on the marital property issues is strong evidence that the court intended to grant Mr. Davis an absolute divorce on February 28.

We additionally note that both the court and the parties themselves expressly referred to February 28, 1990 as the date of divorce during later proceedings on the marital property issues. For instance, during the hearing on the marital property issues conducted on September 28, 1990, the court stated:

Now gentlemen, just for one point of clarity, I do believe that this divorce is dated the day the Court entered the decree. I am talking about the day that I stated from the bench that I granted a divorce absolute to the parties.

> So I think the rules provide that unless the Court provides otherwise a judgment is entered on the day the Court announces its opinion. So that occurred on, actually it occurred on the 27th [sic] of February, 1990.

Counsel for both parties concurred in the judge's statement at that hearing that the divorce was granted on February 28. On July 2, 1991, when the Circuit Court issued its Opinion and Order as to marital property, alimony, and monetary award, the court again referred to February 28 as the date the divorce was granted, stating "[a]fter a hearing on February 27 [sic], 1990, the Court granted an absolute divorce...." and that the parties "were not divorced until February 27 [sic], 1990...."

Finally, we note that the docket for February 28 reads as follows:

> Court grants Absolute Divorce to Plaintiff, Frank Joseph Davis from Defendant, Patricia Lee Davis.
>
> Court reserves authority to make marital award for ninety (90) days.

If the parties did not believe that the judgment of absolute divorce was granted on that date, they should have sought to have the docket entry corrected. *See Roberts v. State*, 219 Md. 485, 488, 150 A.2d 448, 450 (1958).

■ Although the court signed a formal written order on June 11, 1990 which stated that judgment of absolute divorce "is hereby granted," the subsequent issuance of a formal written order does not preclude a finding that judgment was actually orally rendered on an earlier date. *See, e.g., Houghton v. County Com'rs of Kent Co.*, 305 Md. 407, 504 A.2d 1145 (1986). Had the court, at the February 28 hearing, indicated that a written order would follow or directed that the parties submit a written order to the court, we might conclude that the court did not intend to render judgment at that time. *See, e.g., Rohrbeck*, 318 Md. at 43, 566 A.2d at 774. The trial judge, however, at no time indicated that he intended to have his oral ruling memorialized in a written document. In the absence of such a statement and in light of what was actually

said at the hearing, we conclude that the judgment of absolute divorce had been rendered orally prior to the issuance of the written order.[2]

In sum, we conclude that, notwithstanding the later signing of the written Order for Judgment of Absolute Divorce, the trial judge rendered judgment of absolute divorce on February 28, 1990. The court's statements at the hearing, the ninety-day reservation of authority to make a marital property award, the docket entry, and the later references by both the court and the parties to February 28 as the date that the divorce was granted lead us to conclude that the court did intend that an unqualified and unconditional judgment of divorce be entered at the close of the hearing on February 28.

■ There may, of course, be cases in which a court's oral statements are inconclusive or ambiguous as to whether a judgment is actually rendered. When a judgment is rendered orally, the court must take special care to ensure that its remarks clearly indicate whether a judgment is presently being rendered. As we explained in *Rohrbeck v. Rohrbeck,* although the Maryland Rules plainly permit the oral rendition of judgments, opportunities for error and confusion may be minimized if judgments are rendered in writing:

---

2. Indeed, a strong argument can be made that to treat the later written order as the judgment would only promote confusion and uncertainty. In *United States v. F. & M. Schaefer Brewing Co.,* 356 U.S. 227, 78 S.Ct. 674, 2 L.Ed.2d 721 (1958), Justice Frankfurter, writing in dissent, made the following observation:

> If the decision of a District Court is, standing alone, a clear and final adjudication of the case, and at the time rendered sufficient to give notice of the running of the time for appeal, the Court of Appeals has refused to reassess its significance in the light of a later formal judgment. To give weight to the filing of a formal judgment in this situation ... would increase rather than diminish uncertainty and confusion, since the legal effect of the first decision would vary depending on the chance, often within the control of the parties as much as the court, that more formal action is taken later. The temptation would be too great to present a formal judgment for the court's approval simply to cast doubt on the finality of the earlier action, and thus improperly extend the time for appeal.

*Id.* at 245, 78 S.Ct. at 684–85, 2 L.Ed.2d at 733 (Frankfurter, J., dissenting).

As we have indicated, Rule 2-601 does not *require* a written order to be signed, even in complex decisions. As this case well illustrates, however, it is certainly the better practice to embody the terms of such decisions in a written order. The extemporaneous recitation of multiple or complex rulings from the bench may be fine for letting the parties and their attorneys know what the court's decision is in the case, but as it is the actual judgment that will govern the conduct, fortunes, and affairs of the parties, the court must be especially careful that the judgment itself is clear, complete, and precise. A written order prepared either by counsel (and whenever possible consented to as to form by opposing counsel) or by the court itself gives the court an opportunity to review the language, discover and correct any inadvertent imprecisions or inconsistencies, and generally assure itself that the judgment accurately reflects its decision. Upon the filing of a written order, the clerk need do no more than note on the docket that the order was filed and that judgment is entered in accordance therewith. The clerk is relieved of much of the burden of trying to recall and record what the court said, much less, where the extemporaneous remarks are unclear, of trying to figure out what the court meant.

If, for whatever reason, the court decides in such cases to dictate its decision from the bench and allow the clerk to enter the judgment based on the clerk's recollection of what the court said, the court as a matter of good practice should review the docket entry and assure itself that the entry accurately and adequately reflects the decision.

318 Md. at 46–47 n. 7, 566 A.2d at 776 n. 7.

## B.

■ Having concluded that the judgment of absolute divorce was rendered on February 28, 1990, we must next determine whether the judgment of absolute divorce was properly entered on the record on that date. Rule 2–601(b) requires that the clerk enter a judgment by making a record of it by writing on the file jacket, or in a docket within the file,

or in a docket book. In this case, an entry stating that a divorce was granted to Mr. Davis on February 28 was entered by the clerk on the docket on that same date. Thus, the only question which remains is whether the clerk had the authority to make that docket entry. The Court of Special Appeals held that, because Rule 2–601(a) states "the clerk shall enter the judgment as directed by the court," the clerk was without authority to enter the judgment in the absence of an explicit statement by the court directing the clerk to do so. We disagree.

Rule 2–601(a)'s requirement that the clerk enter the judgment "as directed by the court" does not mean that the court must expressly direct the clerk to enter judgment and that, in the absence of such a directive, the clerk may not enter the judgment on the docket. Rather, the language of Rule 2–601(a) was intended only to make clear that the clerk must enter the judgment in accordance with the pronouncement of the court. Every docket entry is, in legal contemplation, done "under the eye and with the sanction of the court." *Missler v. Anne Arundel County*, 271 Md. 70, 78, 314 A.2d 451, 456 (1974); *see also Truett v. Legg*, 32 Md. 147, 150 (1870). A court's failure to utter the words "The clerk shall enter the judgment on the docket" does not preclude a finding that a judgment has been properly entered by the clerk.

In *Waller v. Maryland Nat'l Bank*, 332 Md. 375, 631 A.2d 447 (1993), noting the "special significance" of the date and form of a docket entry, we quoted with approval the following text from Niemeyer & Schuett, leading commentators on the Maryland Rules:

Under this rule, there is no doubt about the date when a judgment is entered. Litigants and third persons can look at the file or docket to determine when the judgment was entered, and they are entitled to rely on that date as a public record.

*Id.* at 379, 631 A.2d at 449 (quoting P. Niemeyer & L. Schuett,

*Maryland Rules Commentary* 445, 446 (2d ed. 1992)).[3] In this case, the clerk correctly entered on the docket the fact that the court had orally rendered a judgment of absolute divorce at the February 28 hearing. We therefore conclude that the judgment of absolute divorce, both properly rendered and properly entered on February 28, 1990, was granted on that date.

## III.

We now turn briefly to Mr. Davis' Rule S75(c) challenge to the validity of the judgment of absolute divorce. The Court of Special Appeals held that this issue was not timely raised. We agree, and therefore, we do not reach the merits of Mr. Davis' argument.

Section 8–213(b) of the Family Law Article provides:

(b) *Appeal.*—Any decree of annulment or of limited or absolute divorce in which the court reserves any power under this subtitle is final and subject to appeal in all other respects.

A plain reading of this section reveals that a divorce decree in which marital property issues are reserved, as permitted by § 8–203(a), is a final order and appealable pursuant to § 12–301 of the Courts and Judicial Proceedings Article. *See Eckard v. Eckard,* 333 Md. 531, 531 n. 1, 636 A.2d 455, 456 n. 1 (1994); *Parker v. Robins,* 68 Md.App. 597, 601, 514 A.2d 1237, 1239 (1986). Pursuant to Maryland Rule 8–202(a), a party has thirty days after the entry of final judgment in which to file an appeal. Therefore, any challenge to the validity of the judgment of absolute divorce was required to have been filed within 30 days of February 28, 1990. Mr. Davis did not file a

---

3. The importance of docket entries in determining when a judgment has been entered is apparent throughout the Maryland Rules. For instance, Rule 8–202, which addresses the time for filing a notice of appeal, provides that "entry" of a judgment occurs on "the day when the clerk of the lower court first makes a record in writing of the judgment, notice or order on the file jacket, on a docket within the file, or in a docket book, according to the practice of that court, and records the actual date of the entry." Rule 8–202(f).

notice of appeal until January 20, 1992, well over twenty-three months after the court granted the judgment of absolute divorce. We find that Mr. Davis' appeal was not timely filed and he is thereby precluded from now raising any challenge to the validity of the divorce decree.

## IV.

With respect to the July 2, 1991 Opinion and Order in which the court resolved the marital property issues, Mr. Davis submits two arguments in support of his contention that the Circuit Court lacked the jurisdiction necessary to render that decision. His first line of attack is to argue that the trial court lost jurisdiction over the marital property matters because the judgment of divorce had been issued more than ninety days before the resolution of those matters.

Section 8–203(a) provides that the "court shall determine which property is marital property" either (1) when the court grants the absolute divorce; (2) within 90 days after the court grants the divorce, if the court expressly reserves the power to make the determination; or (3) after the 90–day period, if (i) the court expressly reserves the power to make the determination; (ii) during the 90–day period, the court extends the time for making the determination; and (iii) the parties consent to the extension. A plain reading of § 8–203(a)(3) makes clear that parties cannot, on their own, extend the time for making a marital property determination.

Here, although the court expressly reserved the power to make a marital property determination when it "granted" the divorce on February 28, the court did not resolve the marital property matters within ninety days of that judgment. Moreover, the court did not extend the time for making the marital property determination beyond that initial ninety-day period. In the absence of any action by the court, the parties' August stipulation consenting to an extension of the time period had no effect on the expiration of the ninety-day period. Since the court did not issue the Opinion and Order concerning marital property issues until July 2, 1991, over sixteen months after the divorce had been granted, § 8–203(a) was violated. Un-

fortunately for Mr. Davis, his failure to raise the violation of § 8–203(a) at the trial court level is fatal to his claim of error.

Perhaps in anticipation of a finding that the error had been waived, Mr. Davis contends that § 8–203(a) is jurisdictional in nature and that, as a consequence, the failure to comply with its time limitations may be raised at any time. *See* Maryland Rule 8–131. We have, however, previously considered and soundly rejected the contention that the ninety-day time limitation is jurisdictional. In *Brodak v. Brodak,* 294 Md. 10, 447 A.2d 847 (1982), we were asked to determine whether a trial court's failure to comply with Maryland Code § 3–6A–05(a)(1) of the Courts and Judicial Proceedings Article, the predecessor to the present § 8–203(a), divested the court of the power to make a marital property determination.[4] There, we unequivocally held that "the court was not deprived of jurisdiction by its failure to act within the ninety-day period." *Id.* at 17, 447 A.2d at 850; *see also Williams v. Williams,* 71 Md.App. 22, 25, 523 A.2d 1025, 1026 (1987) ("§ 8–203 is not jurisdictional, *i.e.* does not deprive the trial court of authority to render a valid judgment."). We explained:

There is nothing in the statute here to indicate an intent on the part of the General Assembly to strip the court of its jurisdiction relative to marital property after the lapse of ninety days from the date the decree was entered. The statute does not state that if a court, under the circumstances here, grants an absolute divorce it shall have jurisdiction only for a period of ninety days. Rather, it says that in granting a divorce "or at any time within 90 days thereafter [under certain circumstances] the court shall

---

**4.** The former § 3–6A–05 read as follows:

*Monetary Award.*

(a)(1) In granting an absolute divorce or annulment, or at any time within 90 days thereafter, if in its decree granting the divorce or annulment the court has expressly reserved the power to do so, the court shall determine which property is marital property if the division of property is an issue. If the court has reserved the power to make the determination, the court may within the time reserved further extend the time for making the determination with the consent of the parties.

determine which property is marital property if the division of property is an issue."

294 Md. at 16, 447 A.2d at 850. Rejecting the argument that the use of the word "shall" in the statute denotes that the court loses jurisdiction if it does not act within the prescribed time period, we continued:

> The husband's basic contention here is that the language in the statute is mandatory and that because the trial court did not act within ninety days, the sanction should be that the court is prohibited from acting. Such is not the law.
>
> *     *     *     *     *     *
>
> In our view the word "shall" in the statute is mandatory.... When a statute of limitations specifies that a proceeding must be brought within a certain period of time, it is the failure of the party initiating the proceeding to act within that time frame which bars the action. When a rule or statute says that an appeal must be filed within a stated period of time and the appeal is dismissed for failure to comply, it is the party entering the appeal who is guilty of delay. The position that the husband would have us take would be to impose a sanction on the parties for the failure of the arbiter of the controversy, in this instance the circuit court, to act within the period prescribed by statute. Since it is the husband, not the wife, who is dissatisfied with the chancellor's award, the practical effect were we to adopt the husband's position would be to place the sanction for the chancellor's failure to act within the specified time upon the prevailing party, the wife. We think that result would be wrong.

*Id.* at 17 & 24–25, 447 A.2d at 850 & 854. Contrary to Mr. Davis' suggestion, in *Brodak* we did not hold that the court loses jurisdiction over the matter if the fault for the delay lies with the parties. Indeed, in that case we affirmed an award on marital property which had been made after the ninety-day period had expired.

Our discussion of the concept of jurisdiction in *First Federated Com. Tr. v. Comm'r,* 272 Md. 329, 322 A.2d 539 (1974) bears repeating here:

What is meant by the lack of jurisdiction in its fundamental sense such as to make an otherwise valid decree void is often misunderstood. As Judge Horney noted for this Court in *Moore v. McAllister,* 216 Md. 497, 507, 141 A.2d 176 (1958):

"Juridically, jurisdiction refers to two quite distinct concepts: (i) the *power* of a court to render a valid decree and (ii) the *propriety* of granting the relief sought. 1 *Pomeroy, Equity Jurisprudence* (5th ed. 1941), Secs. 129–31."

It is only when the court lacks the power to render a decree, for example because the parties are not before the court, as being improperly served with process, or because the court is without authority to pass upon the subject matter involved in the dispute, that its decree is void. On the other hand, the question of whether it was appropriate to grant the relief merges into the final decree and cannot thereafter be successfully assailed for that reason once enrolled. In this case, no one questions the validity of the court's jurisdiction over the parties to this suit, and, consequently, we limit our inquiry into whether the circuit court had authority to consider the subject matter involved and, therefore, had the power to decree the requested relief as it did. The power which a court possesses to hear and determine cases, other than that which is inherent in it, is delineated by the applicable constitutional and statutory pronouncements. If by that law which defines the authority of a court, a judicial body is given the *power* to render a judgment over that class of cases within which a particular one falls, then its action cannot be assailed for want of subject matter jurisdiction.

*Id.,* 272 Md. at 334–35, 322 A.2d at 543 (citations omitted); *see also Stewart v. State,* 287 Md. 524, 526–27, 413 A.2d 1337, 1338 (1980).

In the case *sub judice*, the Circuit Court had at all times the power to make marital property determinations and its failure to abide with § 8–203(a) did not deprive the court of that fundamental power. Thus, Mr. Davis' failure to raise the issue before the trial court precludes him from attacking the marital property distribution at this time. *See* Rule 8–131(a).

## V.

Finally, we consider Mr. Davis' argument that the July 2, 1991 Opinion and Order is void by reason of the court's alleged noncompliance with Rule S75(c). Rule S75(c) specifically provides that in "an action for divorce, annulment, or alimony in which the testimony has been concluded for more than 90 days without the entry of a final decree, a final decree may not be entered until supported by additional testimony justifying the conclusion that there has been no substantial change since the prior testimony was concluded."

Rule S75(c) is clear as to the actions to which it applies— divorces, annulments, and actions for alimony. Marital property determinations are not included in that list. We therefore agree with the Court of Special Appeals' conclusion that the rule has no applicability to and no effect upon the validity of a marital property determination.

We note, however, that even if we were to hold that Rule S75(c) applies in the instant action, a failure to comply with Rule S75(c) does not, as Mr. Davis contends, deprive a court of its jurisdiction and thereby render any judgment rendered void *ab initio*. *See* Maryland Rule 1–201(b) (Maryland Rules "shall not be construed to extend or limit the jurisdiction of any court"); *see also Noffsinger v. Noffsinger*, 95 Md.App. 265, 280, 620 A.2d 415, 422, *cert. denied*, 331 Md. 197, 627 A.2d 539 (1993). Mr. Davis' failure to raise the issue, to request that additional testimony be taken, or to move to vacate, amend or alter the judgment pursuant to Maryland Rule 2– 534 on the grounds that Rule S75(c) was violated constitutes a waiver of that allegation of error.

We therefore find that Petitioner's challenges both to the marital property distribution and to the judgment of absolute divorce are without merit. For the reasons stated herein, the judgment of the Court of Special Appeals is affirmed.

*JUDGMENT OF THE COURT OF SPECIAL APPEALS AFFIRMED; COSTS TO BE PAID BY PETITIONER.*