JOSEPH A. BRUNSMAN, Garnishee of James P. Bannon,

*vs.*

HOWARD A. CROOK and HENRY A. KRIES, Co-Partners, Trading as Crook-Kries Company, Use of David G. Steele.

*Judgments: attachment in another county; sections 19 and 20 of Article 26 of the Code; docket entries; copies to another court; not basis for attachment in third county.*

Under a judgment rendered in the Superior Court of Baltimore City, a writ of attachment was issued to the Circuit Court for Anne Arundel County, with a copy of the docket entries of the proceedings and judgment in Baltimore City. Subsequently an attachment was issued from the Circuit Court for Anne Arundel County to Howard County, as if the copy of the said docket entries and judgment, so transmitted, had the full force and effect of an original judgment; it was: *Held,* that the Clerk of the Circuit Court for Anne Arundel County could not certify to the proceedings from Baltimore City, so as to support the attachment in Howard County, under sections 19 and 20 of Article 26 of the Code, and a motion to quash the attachment should have been sustained.                           p. 665

Only the clerk of the court in which a judgment was originally rendered can certify to its correctness.                           p. 663

*Decided May 4th, 1917.*

Appeal from the Circuit Court for Howard County. (Forsythe, Jr., J.)

662        BRUNSMAN *vs.* CROOK.

The facts are stated in the opinion of the Court.

The cause was argued before Boyd, C. J., Briscoe, Thomas, Urner and Stockbridge, JJ.

*Julius H. Wyman* and *Jacob S. New* (with whom was *J. R. Brunsman* on the brief), for the appellant.

*James Clark,* for the appellee.

Stockbridge, J., delivered the opinion of the Court.

This case is an appeal from the Circuit Court for Howard County, rendered in an attachment proceeding under the following circumstances: On the 10th of May, 1910, a judgment was rendered in the Superior Court of Baltimore City against Francis I. Mooney, Trustee, for the sum of $204.27, and on the 6th of October in the same year a judgment was rendered against James P. Bannon for the sum of $208.73. The foundation for both of these judgments was a promissory note for $200.00, to which the interest between the date of the maturity of the note and the date of the rendition of the judgment as to each defendant was duly entered. In 1916 a writ of attachment was directed to be issued from the Superior Court of Baltimore City to Anne Arundel County, and accompanying the writ was a copy of the docket entries in the suit in Baltimore City. So far as appears by the record no return was made to the Circuit Court for Anne Arundel County of the writ issued from the Superior Court of Baltimore City, but on April 5th, 1916, there was filed an order in Anne Arundel County for a writ of *fi. fa.,* and in June of the same year, and without any return having been made apparently to the writ of *fi. fa.,* there was an order to issue an attachment to Howard County from the Circuit Court for Anne Arundel County. .

When the case reached Howard County a motion was made to quash the writ of attachment issued from Anne Arundel County, and when this motion had been overruled the judg-

ment from which this appeal was taken was entered. The first question for consideration which the record presents is therefore the correctness of the action of the Circuit Court for Howard County in overruling the motion to quash.

The question at issue is therefore one of practice under Sections 19 and 20 of Article 26 of the Code of 1912, which provides in effect that when a judgment has been rendered in one county or in the City of Baltimore it becomes a lien upon the property of the defendant in such county or city, and that upon a transmittal of the record of such judgment, *together with a copy of the docket entries,* from the Court in which the judgment was originally rendered, the same becomes a lien, as from the time of its recording, upon all leasehold interests and terms of years of the defendant in land, except leases from year to year and leases for terms of not more than five years and not renewable, to the same extent and effect as liens are rendered by judgment upon real estate.

The error into which the appellee fell, and apparently also the Circuit Court for Howard County, was in interpreting this language as giving to the copy of the docket entries transmitted from the Court in which the original judgment was entered the full force and effect of an original judgment in the county to which it had been sent, when by its express terms the act simply makes it a lien upon certain enumerated lands and interest in lands in such county. The only docket entries which it was possible for the clerk of the Circuit Court for Anne Arundel County to send to Howard County were those relating to the proceeding in Anne Arundel County. He could not certify to the proceeding had in the Superior Court of Baltimore City, in which the judgment was originally rendered; that could only have been done by the clerk of that court. The rule as laid down in 2 *Poe on Practice* (3rd Ed.), sec. 377, is that "a judgment is not a lien on land in another county until a certified copy of the docket entries in the case taken from the Court where the judgment was rendered shall be recorded," etc., and no judgment of any character was rendered in the Circuit Court for

Anne Arundel County. The Act as embodied in the present Code is a re-enactment with some slight modifications of a very early act in this State which came up for discussion in the case of *Harden v. Moores,* 7 H. & J. 4, decided in 1825, where the judgment then under review was one which had been rendered in Baltimore City, and was sought to be enforced in Harford County, and in passing upon that case JUDGE BUCHANAN said: "An attachment is not an ordinary proceeding, by which to arrive at the fruits of a judgment, and will only lie, when specially authorized from the Court in which the judgment was rendered * * * and from the Court of the county in which the defendant may happen to be, who has fled, removed or absented himself from the county in which the judgment was rendered upon the production of a transcript of the record." This case is closely similar to the one now presented, and the reasoning of that case is equally applicable to the questions involved in this appeal. The subject is also considered in *Hodge & McLane on Attachments,* section 254, and the rule laid down is, "the copy of the docket entries is essential to inform the Court having jurisdiction of the writ, that the judgment upon which it issued has been rendered and remains unsatisfied." To the same purport may be added the case of *Randall v. Mellen,* 67 Md, 186.

The appellee now asks the Court to reverse this line of decisions upon the authority of the case of *Parker v. Brattan,* 120 Md. 428. The decision in that case is very far from sustaining the contention of the appellee. A suit had been instituted in Wicomico County and was subsequently, but before trial, removed to Somerset County. A judgment was rendered in the case in Somerset County, and a copy of the docket entries in the last named county returned to the Circuit Court for Wicomico County, where it was sought to be enforced. It will be observed that the case having originated in Wicomico County when the return of the proceedings in Somerset County was made, the Circuit Court for Wicomico

County had upon its docket the full record of the proceeding, being the original record of the case prior to the time of its removal to Somerset County, and a duly certified transcript or record of what had taken place in the county where the judgment was entered. That case, therefore, is without any controlling influence upon the one now presented, and it follows from what has been said that the motion to quash should have been granted.

Several other questions were presented in the record which this Court deems it unnecessary to consider, as they all arose subsequent to the ruling of the Circuit Court for Howard County upon the motion to quash. The record is considerably incumbered with evidence relating, or supposed to relate, to the circumstances attending the giving of the note which was the foundation of the action. These circumstances, so far as they were relevant at all, were matters for the consideration of the jury, and are not properly subject matters for review by this Court, and the inclusion of this evidence in the record can find no sufficient warrant.

The judgment appealed from will therefore be reversed, and the writ of attachment issued from the Circuit Court for Anne Arundel County to Howard County quashed.

*Judgment reversed and attachment quashed,*
*costs to be paid by the appellees.*