*Won Sun Lee v. Won Bok Lee*, No. 1732, September Term, 2017.  Opinion by Fader, C.J.

**ENTRY OF JUDGMENT – TIME FOR FILING APPEAL**

To enter a final judgment that triggers the time for filing an appeal, the clerk must make an entry of it on the docket of the court's electronic case management system such that both the fact and date of entry of the judgment are available to the public through the case search feature on the Judiciary website.  The date of the judgment, for purposes of appellate jurisdiction, is the date on which the clerk enters the judgment on the electronic case management system.

**ENTRY OF JUDGMENT – TIME FOR FILING APPEAL**

A docket entry that does not provide clear notice of the date on which judgment is entered, as required by Rule 2-601(b), does not trigger the beginning of the appeal period.  If the docket entry is later clarified, a notice of appeal that is filed after the judgment is announced but before the docket entry is clarified is treated as being filed after, but on the same day as, the docket entry is clarified.  Rule 8-602(f).

**RENEWAL OF JUDGMENT – CREATION OF LIEN**

A judgment creditor's filing of notice of a federal judgment in a state circuit court establishes a lien, not a new money judgment.

**RENEWAL OF JUDGMENT – EXPIRATION OF LIEN**

When a judgment creditor's original judgment on which a lien is predicated expires, the lien is destroyed and neither the original judgment nor the lien it created may be renewed.

Circuit Court for Howard County
Case No. 13-C-55-045573

IN THE COURT OF SPECIAL APPEALS

OF MARYLAND

No. 1732

September Term, 2017

_____

WON SUN LEE

v.

WON BOK LEE

_____

Fader, C.J.,
Beachley,
Kenney, James A., III
 (Senior Judge, Specially Assigned),

JJ.

_____

Opinion by Fader, C.J.

_____

Filed: January 30, 2019

Pursuant to Maryland Uniform Electronic Legal
Materials Act
(§§ 10-1601 et seq. of the State Government Article) this document is authentic.



Suzanne C. Johnson, Clerk

Won Sun Lee, the appellant, challenges the Circuit Court for Howard County's refusal to vacate a renewed judgment the court's clerk entered against him and in favor of his brother, Won Bok Lee. Before we can address the merits of this appeal, Mr. Bok Lee asks us to determine whether it is timely. We conclude that it is. The clerk's entry of the order from which Mr. Sun Lee appeals initially failed to comply with the requirements of Maryland Rule 2-601(b) because the docket entry available through the case search feature on the Judiciary website did not identify the date on which judgment was entered. As a result, the appeal period did not start to run and Mr. Sun Lee's appeal was premature when it was filed. However, subsequent changes to the docket entry fixed the problem and Mr. Sun Lee's appeal is now properly before us.

Turning to the merits, Mr. Sun Lee asks us to decide whether his brother's 2015 attempt to renew a judgment in the circuit court was effective. The answer to that question revolves largely around two others: (1) whether Mr. Bok Lee's 2004 filing in the circuit court of notice of a 2002 federal court judgment created a new state court judgment or just a lien; and (2) if that filing created a lien only, whether it extended the period for renewal of the underlying judgment, which otherwise expired by operation of law in 2014. We conclude that the 2004 filing created a lien, not a judgment, and so could not be renewed once the underlying federal court judgment had expired. We therefore reverse the judgment of the circuit court and remand with instructions to vacate the renewed judgment.

BACKGROUND

*Initial Proceedings in Federal and State Court*

In 2002, Mr. Bok Lee obtained a judgment by default in the amount of $141,059.44 against Mr. Sun Lee in the United States District Court for the District of Maryland.

In May 2004, Mr. Bok Lee filed a "Request to File Notice of Lien" in the Circuit Court for Howard County based on the federal judgment. On June 1, 2004, the circuit court entered a "Notice of Lien of Judgment Received From United States District Court" and made the following docket entry: "Judgment entered on 06/01/04."

The Howard County case remained dormant until July 23, 2015, when Mr. Bok Lee filed a "Request to Renew Judgment." The request stated that "[j]udgment in this case was entered on June 1, 2004," claimed that it had "not expired (12 years from entry)," and asked the clerk to renew it. The clerk promptly entered the renewed judgment on the docket.

On March 24, 2016, Mr. Sun Lee moved to vacate the renewal. He argued that Mr. Bok Lee's 2004 filing had created a lien, rather than a new judgment, and so could no longer be renewed once the federal judgment had expired. Although the circuit court agreed with Mr. Sun Lee that the 2004 filing had created a lien, not a new judgment, it also agreed with Mr. Bok Lee that it was nonetheless still subject to renewal.

Three writings relating to the circuit court's ruling are central to our discussion below, so we present them in some detail. First, after a hearing, the court issued a one-page written order containing a single substantive sentence that identifies what the court considered (the motion to vacate, the opposition, and the arguments of the parties) and

2

states that the motion to vacate is denied. The order is dated June 2, 2016 and bears (1) the signature of the judge, (2) a stamp identifying that it was "ENTERED" on June 3, 2016, (3) a true test certification, and (4) a notation of "6000" in the bottom right corner. We refer to this order as the "June 2 Order."

The second and third writings of significance are both docket entries. Each appears slightly differently in the circuit court's own system than it appeared as viewed through the case search feature on the Judiciary website at the relevant time—which, for purposes of determining the timeliness of the appeal, is the period between June 3 and July 6, 2016. The first, which we refer to as "Docket Entry 6000," appears in the court's case management system as:

| Num/Seq Description | Filed | Entered | Party | Jdg Ruling | Closed | User ID |
|---|---|---|---|---|---|---|
| 00006000 Motion to Vacate Judgment and Request for Hearing 04/20/16 per Judge Bernhardt: Set for hearing Copies mailed 06/03/16 copies mailed | 03/24/16 | 03/24/16 | 000 | WVT Denied | 06/03/16 | JK  MNF |

At the relevant time, that same entry appeared through the case search feature on the Judiciary website as:[1]

Doc No./Seq No.:      6/0
File Date:        03/24/2016  Entered Date: 03/24/2016  Decision: Denied
Document Name: Motion to Vacate Judgment and Request for Hearing
              04/20/16 per Judge Bernhardt: Set for hearingCopies mailed06/03/16 copies mailed

_____

[1] As explained further below, the entry now appears differently when viewed through the case search feature on the Judiciary website.

The second entry, which we refer to as "Docket Entry 14000," appears in the court's case management system as:

```
Num/Seq Description                                    Filed    Entered Party Jdg Ruling .                    Closed   User ID
-------- ------------------------------------------    -------- -------- ------ --- ---------------------    -------- --------

00014000 Open Court Proceeding                         06/02/16 06/06/16 000    WVT                           03/07/17 JAC BMS
         Hearing o Motion
         DEF Motion to Vacate Judgment is denied
         PLT to prepare and submit Order
```

At the relevant time, that same entry appeared through the case search feature on the Judiciary website as:

```
Doc No./Seq      14/0
No.:
File Date:        06/02/2016  Entered Date: 06/06/2016  Decision:
Document
Name:             Open Court Proceeding

                  Hearing o MotionDEF Motion to Vacate Judgment is deniedPLT to prepare and submit
                  Order
```

We discuss both docket entries in more detail below.

Mr. Sun Lee noted an appeal on July 6, 2016. Mr. Bok Lee moved to strike the notice as late, arguing that the June 2 Order had been entered on June 3 and that any appeal—after accounting for weekends and a holiday—was due by July 5. The circuit court granted the motion and struck the notice of appeal. Mr. Sun Lee then appealed timely from the order striking his first notice of appeal.

### *The First Appeal*

In an unreported opinion, a panel of this Court concluded that the record did not reflect when, or even if, Mr. Sun Lee's time to appeal had begun to run. *Lee v. Lee*, No. 945, Sept. Term 2016, 2017 WL 3634056, at *3 (Aug. 24, 2017). The panel identified three factors that are necessary for there to be a valid appeal: (1) under Rule 2-601(a), the

4

final judgment must be "set forth on a separate document" that is signed by a judge or the clerk of court; (2) under Rule 2-601(b), the judgment must be entered on the court's electronic case management system; and (3) under Rules 2-601(d) and 8-202(a), an appeal must be noted within 30 days of the date on which the judgment was entered in that court's electronic case management system. *Lee*, 2017 WL 3634056, at \*1.

Based on the record as it then stood, the panel found insufficient evidence to determine either (1) whether the separate document required by Rule 2-601(a) had been signed or (2) whether such a document had been entered on the court's electronic case management system. *Id.* at \*2. With respect to the separate document, the panel considered it plausible that the June 2 Order was the required separate document setting forth the judgment, but it was uncertain because of a perceived inconsistency between the date of that order and Docket Entry 14000. That entry, although not made until June 6, seemed to contemplate that a separate order was still yet to come. *Id.*

With respect to the entry of such a document, the panel first considered, and rejected, Mr. Bok Lee's contention that Docket Entry 6000 reflected the entry of the order in the court's electronic case management system. The panel's confusion in attempting to interpret this docket entry is perhaps best reflected in a footnote in which it observed that neither party had "ventured an explanation, nor can we invent one, to explain why the portion of the docket entry that says '06/03/16 copies mailed' was made on (or added to) the March 24 docket entry." *Id.* at \*2 n.3. In the absence of any such explanation, the panel concluded that this could not possibly reflect entry of the separate document by

5

which the court had entered judgment and, therefore, that "there is no way that June 3 can be the date of entry of judgment." *Id.* at *2.

As an alternative, the panel considered whether Docket Entry 14000 could constitute entry of the separate document on the court's electronic case management system. *Id.* The panel concluded that this docket entry might constitute entry of a separate order on the electronic docket, but was uncertain in light of the same perceived inconsistency as to dates between that June 6 entry—and its indication that an order still had to be submitted—and the June 2 Order. *Id.* at *2-3.

Out of that uncertainty, the panel posited three possibilities: (1) if a separate document had been executed before June 6 (such as the June 2 Order), and Docket Entry 14000 constituted its entry on the electronic case management system (on June 6), then Mr. Sun Lee's appeal would be timely; (2) if a separate document had been executed after June 6, then—still treating Docket Entry 14000 as the (premature) entry of that separate document on the court's electronic case management system—the appeal would be "ripe to proceed," with June 6 being its operative date; or (3) if a separate document was never signed, the judgment "has still not become final," and the appeal "was, and remains, premature." *Id.* at *2. "Under none of these three possible scenarios," the panel concluded, "was Mr. Sun Lee's appeal late." *Id.* at *3. The panel therefore reversed the order striking the notice of appeal and remanded to the circuit court with the following mandate:

> JUDGMENT OF THE CIRCUIT COURT FOR HOWARD COUNTY REVERSED AND REMANDED FOR THE CIRCUIT COURT TO DETERMINE DATE OF ENTRY OF JUDGMENT OR TO ENTER THE

6

JUDGMENT ON A SEPARATE DOCUMENT.  COSTS TO BE PAID BY APPELLEE.

*Id.*

### *Proceedings on Remand*

On remand, the circuit court asked the court clerk to explain his practices with respect to the relevant entries in the court's electronic case management system.  The clerk's responsive memorandum explained that the June 2 Order is the separate document reflecting the court's judgment and that it was entered on the court's electronic case management system on June 3 as part of Docket Entry 6000.  With respect to the date of entry, the clerk's memorandum explained that:

- "It is the clerk's practice that when the clerk enters a ruling/order from the Court, the Order is 'entered' stamped.  Which in this case was June 3, 2016."
- "It is the clerk's practice to update the original motion in [the court's electronic case management system].  In this case the clerk entered the ruling of Denied under docket entry 6000 as of June 3, 2016 and mailed copies of the Order on June 3, 2016."
- "Adjacent to the ruling of Denied is the closed date of the motion of June 3, 2016 which also corresponds to the date of entry."[2]
- "Therefore the written Order Denying the Motion to Vacate Judgment was entered by the clerk on June 3, 2016."

Upon receiving the clerk's memorandum, the circuit court issued its own memorandum opinion in which it provided "an explanation of the process."  The court

---

[2] Notably, as discussed below, at the relevant time (June and July of 2016), the "Closed" field referred to in the clerk's memorandum appeared only on the court's official electronic case management system, not on the version accessible to the public through the case search feature on the Judiciary website.

7

explained that Docket Entry 6000, although a single entry bearing an "Entered" date of March 24, actually reflects at least three different events: the filing of the motion to vacate the judgment, the scheduling of a hearing on that motion, and the court's denial of that motion. March 24, 2016, the court explained, is the date the motion was filed. The subsequent dates mentioned are the dates on which the two other events—scheduling of the hearing (April 20, 2016) and entry of the order (June 3, 2016)—were entered into the system.

The court also sought to answer the uncertainty regarding Docket Entry 14000, explaining that it reflects "a hearing sheet[,] which is a summary of what occurred during a proceeding." Thus, the information in that entry reflects the court's statement in open court that it would deny the motion, not the entry of a written order. According to the court, "[t]he entry of the hearing sheet on June 6, 2016 is just that, the entering of the hearing sheet into the electronic case management system. It is not an order, nor does it have the effect of an order."

In summarizing its response to the questions raised by the panel, the circuit court stated that it "issued a separate Order that was signed on June 2, 2016," and that "[t]he Order was entered by the clerk in the electronic case management system on June 3, 2016 . . . ."

### *Alterations to the Docket Entries as Those Entries Appear Through the Case Search Feature on the Judiciary Website*

The status of the docket entries as discussed thus far was accurate through at least July 31, 2016, as reflected in the filings of the parties in the circuit court and included in

the record filed with this Court.  When this Court independently queried the case search function available on the Judiciary website on January 11, 2019, however, Docket Entry 6000 appeared as:

File Date: 03/24/2016  Close Date: 06/03/2016
Filed By:
Document Name: Motion

Comment: Motion: 6 Sequence: 0 Create Initials: JK Create Date: 03/24/2016 Update Initials: MAF Update Date: 06/03/2016 MMOT – Motion to Vacate Judgment and Request for Hearing 04/20/16 per Judge Bernhardt: Set for hearing Copies mailed 06/03/16 copies mailed Filed: 03/24/2016 Decision: Denied – 06/03/2016

Although there is nothing in the record about this change, we presume it was made in connection with the transition of the Howard County Circuit Court to the Maryland Electronic Courts ("MDEC") system in April 2018.  For our present purposes, what is relevant is:  (1) the change occurred after July 6, 2016; and (2) the entry now includes the following information:  "Decision:  Denied – 06/03/2016."

## DISCUSSION

Based on the circuit court's findings, Mr. Bok Lee moved to dismiss Mr. Sun Lee's appeal as late.  Mr. Sun Lee counters that this Court already conclusively determined that the appeal was not late and cannot revisit that determination.  We conclude (1) that we are not precluded from considering whether we have jurisdiction over this appeal, (2) that Mr. Sun Lee's July 6, 2016 notice of appeal was premature when filed, but that the appeal is now ripe for decision, and (3) that the circuit court erred in denying Mr. Sun Lee's motion to vacate the renewed judgment.

9

**I.     WE ARE NOT PRECLUDED FROM CONSIDERING WHETHER MR. SUN LEE'S APPEAL WAS LATE.**

We begin with the threshold principle that we have an independent obligation to assure ourselves that we have jurisdiction in every appeal that comes before us. *See generally In re Joseph N.*, 407 Md. 278, 286 (2009) ("[T]he issue of appealability is a threshold one, which may be raised at any time by a party, even on appeal, and, indeed, which must be addressed, and will be, by the Court on its own motion, whether raised or not.") (quoting *Office of State Prosecutor v. Judicial Watch, Inc.*, 356 Md. 118, 125 (1999)); *Murphy v. Steele Software Sys. Corp.*, 144 Md. App. 384, 392 (2002) ("It is our duty . . . to raise, and decide, issues of our jurisdiction over cases appealed to this Court.").

The timeliness of an appeal is jurisdictional. Under Rule 8-202(a), a "notice of appeal shall be filed within 30 days after entry of the judgment or order from which the appeal is taken." If not filed timely, "the appellate court acquires no jurisdiction and the appeal must be dismissed." *HIYAB, Inc. v. Ocean Petroleum, LLC*, 183 Md. App. 1, 8 (2008) (quoting *Houghton v. County Comm'rs of Kent County*, 305 Md. 407, 413 (1986)). Since July 1, 2018, Rule 8-602(b)(2) has expressly mandated dismissal if "the notice of appeal was not filed with the lower court within the time prescribed by Rule 8-202."

Mr. Sun Lee argues that the conclusion of the prior panel that his appeal was not late precludes us from even considering that jurisdictional issue now. We disagree. Although "decisions rendered by a prior appellate panel will generally govern [a] second appeal at the same appellate level," *Holloway v. State*, 232 Md. App. 272, 279 (2017), we also recognize that this is not "an inflexible rule of law" that precludes an "appellate court

10

. . . from reconsidering an issue it previously decided." *Goldstein & Baron Chartered v. Chesley*, 375 Md. 244, 253 (2003). There are three circumstances in which we have recognized that "an appellate court will depart from a prior decision": when (1) "the evidence on a subsequent trial was substantially different"; (2) "controlling authority has since made a contrary decision on the law applicable to such issues"; or (3) "the decision was clearly erroneous and would work a manifest injustice." *Corby v. McCarthy*, 154 Md. App. 446, 479-80 (2003) (quoting *Turner v. Hous. Auth. of Balt. County*, 364 Md. 24, 34 (2010)) (quotation marks omitted).[3]

Here, the evidence and record before us is substantially different now from the prior appeal because we now have explanations from the circuit court and its clerk of the June 2 Order and the docket entries about which the prior panel was uncertain. We now know definitively that (1) the circuit court intended the June 2 Order to be the separate order entering judgment in this case, (2) the clerk intended to enter that order in the court's electronic case management system on June 3 by adding the word "Denied" to Docket Entry 6000, and (3) Docket Entry 14000 is merely a hearing sheet and does not reflect the entry of any written order. With this additional information and in light of our independent obligation to ensure that we have jurisdiction, we conclude that we are not precluded from revisiting the question of whether Mr. Sun Lee's original notice of appeal was late.

---

[3] In light of their threshold nature, jurisdictional questions may constitute a fourth category of circumstances in which we will not defer to a decision reached by a prior panel in the same case. In light of our conclusion that the record here is "substantially different" from when the case was last before this Court, we need not reach that question here.

11

## II. MR. SUN LEE'S APPEAL WAS INITIALLY PREMATURE, BUT NOW IS RIPE.

We now turn to the merits of the motion to dismiss, which requires us to return to the two questions we asked the circuit court to answer on remand: (1) whether the circuit court or its clerk had signed a separate document setting forth the judgment in compliance with Rule 2-601(a); and (2) if—and if so, when—the clerk entered that judgment on the court's electronic case management system in compliance with Rule 2-601(b).

As to the first question, the circuit court's memorandum establishes that the June 2 Order is indeed the "separate document" setting forth the court's judgment that is required by Rule 2-601(a). The prior panel's uncertainty on that point arose from the notation in the later-dated Docket Entry 14000 indicating that an order was yet to come. With the court's explanation that the notation in Docket Entry 14000 reflects the situation that existed when the court closed the June 2 hearing, not the situation that existed when that docket entry was made on June 6, we consider that issue to be definitively resolved.

The second question is more complicated. The prior panel thought that Docket Entry 14000 might reflect the entry of the judgment in the court's electronic case management system. The circuit court's explanation that Docket Entry 14000 does not reflect the entry of any written order eliminates that possibility.

Instead, the circuit court identifies Docket Entry 6000 as (1) reflecting entry of the judgment in the court's electronic case management system (2) on June 3, 2016. We accept the circuit court's memorandum as resolving conclusively the first of these points—that the clerk actually entered the word "Denied" into Docket Entry 6000 on June 3, 2016, and

12

that the clerk did so for the purpose of entering the judgment reflected in the June 2 Order. We also accept the circuit court's memorandum as establishing that the notation "06/03/16 copies mailed" in Docket Entry 6000 refers to the mailing of copies of the June 2 Order to counsel and that the "Closed" date of June 3 that appears in the court's case management system—though not in the docket then available on the Judiciary website—refers to the date on which the word "Denied" was added to Docket Entry 6000.

Our difficulty in accepting those facts as establishing June 3 as the trigger date for the appeal period lies in the fact that Docket Entry 6000 itself—and particularly the version of that docket entry that was available on the Judiciary website in June and July of 2016—failed to establish clearly when the clerk added the "Denied" notation to the entry.[4] Explaining why that issue is significant requires an exploration of the Court of Appeals's decision in *Hiob v. Progressive Am. Ins. Co.*, 440 Md. 466 (2014), and subsequent amendments to Rule 2-601.

A.      **The Court of Appeals's Decision in *Hiob v. Progressive American Insurance Company***

In *Hiob*, the Court of Appeals undertook an extensive analysis of the evolution and interpretation of the then-extant version of Rule 2-601. The Court's analysis there guides

---

[4] In *State v. Merritt Pavilion, LLC*, 230 Md. App. 597, 611 n.6 (2016), this Court concluded that a docket entry of "Granted" or "Denied" on a particular date within a docket entry for the motion at issue was sufficient to qualify as "an entry" by the clerk under Rule 2-601(b)(2). The critical difference between the docket entries there and the entry here is the absence of specificity here as to the date of entry. Notably, we also observed in *Merritt Pavilion* that "it would certainly be a better practice for clerks to make separately numbered and separately dated docket entries for each judgment." *Id.* We reaffirm that observation.

13

our determination here. The immediate question in *Hiob* was whether a line of dismissal signed only by parties satisfied Rule 2-601's requirement that a judgment must be reflected in a "separate document" that the clerk enters on the docket. 440 Md. at 472. There, plaintiffs brought claims against two insurers—Erie and Progressive—arising out of a fatal automobile accident. *Id.* at 481. The court entered judgment in favor of Progressive, leaving the claims against Erie pending. *Id.* Those claims were resolved 14 months later when the plaintiffs and Erie filed a joint line of dismissal. *Id.* at 481-82.

At the same time they filed the line of dismissal, the *Hiob* plaintiffs also moved the circuit court to reduce its earlier order of judgment in favor of Progressive to a final judgment. *Id.* at 482. The court did so, but not until 29 days later. *Id.* One week after that—which was 36 days after entry of the line of dismissal—the plaintiffs noted an appeal. *Id.* In arguing that the appeal was late, Progressive contended that the 30-day appeal period began to run with the entry of the line of dismissal, which finally resolved all remaining claims in the case, not with the court's subsequent order entering final judgment. *Id.* This Court agreed with Progressive, *see Hiob v. Progressive Am. Ins. Co.*, 212 Md. App. 734 (2013), and the Court of Appeals granted certiorari.

In reversing this Court's judgment, the Court of Appeals first engaged in a detailed discussion of Federal Rule of Civil Procedure 58, on which Maryland Rule 2-601 was modeled; the 1997 amendments to Rule 2-601, in which that Court adopted the "separate document" requirement; and cases interpreting both. 440 Md. at 472-80. Addressing the federal rule, the Court observed that cases interpreting it had been guided by two

14

overarching principles. "First, in order to provide the desired clarity, the 'separate-document rule must be mechanically applied in determining whether an appeal is timely.'" *Id.* at 474 (quoting *Bankers Tr. Co. v. Mallis*, 435 U.S. 381, 386 (1978)). "Second, because the rule 'is not designed as a trap for the inexperienced,' it is to be interpreted to preserve the right to an appeal." *Hiob*, 440 Md. at 475 (quoting *Bankers Tr. Co.*, 435 U.S. at 386-87).

The Court summarized the requirements of our own Rule 2-601 as it was adopted in 1997: (1) a judgment must be reflected on a document that is "separate from an oral ruling of the judge, a docket entry, or a memorandum"; (2) that separate document must be signed by either the court or the clerk, depending on the type of judgment; and (3) the judgment is effective to trigger the time for filing an appeal "only if it is set forth in accordance with the requirements of Rule 2-601(a) and properly entered under Rule 2-601(b)." *Hiob*, 440 Md. at 478-79. The Court further observed that in applying Rule 2-601, it had "employed the same principles as the federal courts in construing" the federal rule, *id.* at 480, including both mechanical application "in determining whether an appeal is timely," *id.* (quoting *Byrum v. Horning*, 360 Md. 23, 32 (2000)), and interpreting the requirement "in favor of the preservation of appeal rights," *Hiob*, 440 Md. at 480.

Turning to the case before it, the Court of Appeals concluded that the line of dismissal failed to trigger the 30-day appeal period. *Id.* at 503. The Court observed that the "separate document" required by Rule 2-601(a) must be in the form of a "judgment," which the Rules defined (and still define) as an "order of court final in nature entered

15

pursuant to these rules." Rules 1-202(o); 2-601(a). The line was not an order of court at all, much less "an unqualified decision of the court as to which party has prevailed and what relief, if any, is awarded." *Hiob*, 440 Md. at 483-84, 486.[5]

Notably for our purposes, Progressive argued that the parties had not been prejudiced by the failure to enter a separate document because they were all aware of the effect of the stipulation in light of the earlier judgment. *Id.* at 495. The Court rejected that argument, concluding that it "ignores the need to provide the public, not just the litigants, with a clear indication of when judgment is entered." *Id.* Moreover, although someone familiar with the case might have understood that the combination of the earlier judgment and the later stipulation of dismissal would have resolved all claims against all parties, "[a] determination that a final judgment exists based on assumptions of implied finality is not the type of clear indication that judgment has been entered envisioned by the current version of Rule 2-601." *Id.* at 496. The Court thus found the line of dismissal ineffective to trigger the time for appeal because it "does not clearly indicate to the parties and the public that the court has adjudicated the issues presented and rendered a final decision as to the claims against Progressive . . . ." *Id.* at 497.

Also notable for our purposes, the Court then proceeded to address Progressive's contention that language in its earlier decision in *Tierco Maryland, Inc. v. Williams*, 381

---

[5] The Court took care to distinguish between the finality of a judgment and whether the judgment is propounded and entered in such a way as to trigger the time in which to note an appeal. *Hiob*, 440 Md. at 488-90. While a stipulation of dismissal may be final as to the claims of which it disposes, "it is the separate document, not finality alone, that starts the time for filing an appeal." *Id.* at 489-90.

Md. 378 (2004), stood for the proposition that a stipulated dismissal constituted a judgment that did not need to be signed by a judge. *Hiob*, 440 Md. at 498. The Court rejected that contention, at least with respect to its application to Rule 2-601, based on the plain language of the Rule. *Id.* at 499. The Court went on to conclude that even if a stipulated dismissal could satisfy the separate document requirement of Rule 2-601(a), "the time for filing a notice of appeal does not begin until the separate document is entered on the docket consistent with 2-601(b)." *Id.* at 500. The Court observed that "the value of docket entries making public the disposition of each claim in a case cannot be overemphasized. Litigants and the public ought to be able to look at a case file or docket and determine when any judgment was entered." *Id.* (quoting *Tierco*, 381 Md. at 393-94). Because the docket entry in that case reflected only the entry of a "Voluntary Dismissal (Partial)" as to Erie, it failed to provide information from which the public could discern that the court had entered final judgment. *Hiob*, 440 Md. at 500. Finding entry of such a dismissal to be adequate to start the appeal clock would "create[] a trap for the unwary and the inexperienced and [would] not promote the ability of the public to readily determine the disposition of every claim brought in the circuit courts." *Id.* at 501.

In summarizing its conclusions, the Court stated:

[F]or there to be an entry of an effective final judgment that triggers the time for filing an appeal, there must be an affirmative answer to the following questions:

- Is there a final judgment?
- Is there a separate document?
- Is there a document in the court file separate from the docket entry?

- Does the document reflect a judicial action that grants or denies specific relief in an unqualified way?
- Has the separate document been signed by the judge or the clerk?
- Has the clerk docketed the judgment in accordance with the practice of the court?

*Id.* at 503.

## B.     The 2015 Amendments to Rule 2-601

At the time the Court of Appeals decided *Hiob*, "Rule 2-601(b) direct[ed] the clerk to enter judgment 'by making a record of it . . . according to the practice of each court . . . .'" 440 Md. at 479 n.12. However, as the Court observed, "[t]he specific practices for making an entry listed in the rule—writing on a file jacket, on a docket within the court file, or in a docket book—are apparently obsolete as a result of the transition to electronic court records." *Id.* Accordingly, the Court adopted changes to Rule 2-601(b) that became effective on July 1, 2015. The changes included: (1) replacing the requirement that the clerk enter judgment "according to the practice of each court" with a requirement that the court enter judgment "by making an entry of it on the docket of the electronic case management system used by that court"; (2) adding a requirement that, absent required shielding, "the docket entry and the date of the entry shall be available to the public through the case search feature on the Judiciary website . . ."; and (3) adding a new Rule 2-601(d), which provides that "the date of the judgment is the date that the clerk enters the judgment on the electronic case management system in accordance with subsection (b) of this Rule." The Court also adopted a coordinating amendment to Rule 8-202(f) to provide that "entry," for purposes of calculating the time for appeal, "occurs on the day when the clerk of the

18

lower court enters a record on the docket of the electronic case management system used by that court." Rules Order, Mar. 2, 2015, at 65, 66, 136 (available at https://mdcourts.gov/sites/default/files/rules/order/ro186supp.pdf) (last visited Jan. 29, 2019).

As a result of the 2015 amendments, the final question from the Court's list in *Hiob*, 440 Md. at 503 ("Has the clerk docketed the judgment in accordance with the practice of the court?") has now been effectively replaced with two others:

- Has the court made an entry of the judgment on the court's electronic case management system? (Rule 2-601(b)(2)) and

- Are the docket entry and the date of entry available to the public through the case search feature on the Judiciary website? (Rule 2-601(b)(3))

Through these and other 2015 Rules changes,[6] as of June 2016, Rule 2-601 provided:

*Rule 2-601. Entry of judgment.*

(a) *Separate Document — Prompt Entry.* (1) Each judgment shall be set forth on a separate document and include a statement of an allowance of costs as determined in conformance with Rule 2-603.

(2) Upon a verdict of a jury or a decision by the court allowing recovery only of costs or a specified amount of money or denying all relief, the clerk shall forthwith prepare, sign, and enter the judgment, unless the court orders otherwise.

(3) Upon a verdict of a jury or a decision by the court granting other relief, the court shall promptly review the form of the judgment presented

---

[6] In December 2015, the Court of Appeals adopted additional changes, which became effective January 1, 2016, that do not affect our analysis here. These changes include a non-substantive alteration to the tagline of subsection (a), a requirement that the separate document reflecting the judgment include a statement of an allowance of costs, and the separation of subsection (a) into five subsubsections. *See* Rules Order of Dec. 7, 2015, at 28-29 (available at https://mdcourts.gov/sites/default/files/rules/order/188ro.pdf) (last visited Jan. 29, 2019).

and, if approved, sign it, and the clerk shall forthwith enter the judgment as approved and signed.

(4) A judgment is effective only when so set forth and when entered as provided in section (b) of this Rule.

(5) Unless the court orders otherwise, entry of the judgment shall not be delayed pending determination of the amount of costs.

(b) *Applicability — Method of Entry — Availability to the Public.* (1) Applicability. Section (b) of this Rule applies to judgments entered on and after July 1, 2015.

(2) Entry. The clerk shall enter a judgment by making an entry of it on the docket of the electronic case management system used by that court along with such description of the judgment as the clerk deems appropriate.

(3) Availability to the Public. Unless shielding is required by law or court order, the docket entry and the date of the entry shall be available to the public through the case search feature on the Judiciary website and in accordance with Rules 16-902 and 16-903.

(c) *Recording and Indexing.* Promptly after entry, the clerk shall (1) record and index the judgment, except a judgment denying all relief without costs, in the judgment records of the court and (2) note on the docket the date the clerk sent copies of the judgment in accordance with Rule 1-324.

(d) *Date of Judgment.* On and after July 1, 2015, regardless of the date a judgment was signed, the date of the judgment is the date that the clerk enters the judgment on the electronic case management system docket in accordance with section (b) of this Rule. The date of a judgment entered prior to July 1, 2015 is computed in accordance with the Rules in effect when the judgment was entered.

## C.    Mr. Sun Lee's Appeal Was Initially Premature.

We now return to the timeliness of Mr. Sun Lee's appeal, which we consider in light of the principles stated in *Hiob* and the 2015 amendments to Rule 2-601. In doing so, we are particularly mindful of the following guidance from the Court of Appeals: (1) Rule 2-601 is to be applied mechanically but must be interpreted "in favor of the preservation of appeal rights," *Hiob*, 440 Md. at 480; (2) the requirements of Rule 2-601 are designed

20

to ensure that the public, as well as the litigants, have "a clear indication of when judgment is entered," not an indication that depends on assumptions or deduction, *id.* at 495-96; and (3) if the entry requirements of Rule 2-601(b), as amended in 2015, are properly followed, "[l]itigants and the public ought to be able to look at [the docket accessible through the case search feature on the Judiciary website] and determine when any judgment was entered," *id.* at 500 (quoting *Tierco*, 381 Md. at 393-94) (alteration to reflect Rules change).

As discussed above, the June 2 Order satisfies the separate document requirements of Rule 2-601(a). The question before us now is whether Docket Entry 6000, as it existed in June and July 2016, met the entry requirements of Rule 2-601(b). We hold that it did not comply with the requirement of Rule 2-601(b)(3) that, unless shielding is required, "the docket entry and the date of entry shall be available to the public through the case search feature on the Judiciary website . . . ." That is because the date of entry was not available to the public. For ease of reference, the version of the docket entry that appeared through the case search feature on the Judiciary website at that time was:

Doc. No./Seq No.: 6/0
File Date: 03/24/2016  Entered Date: 03/24/2016  Decision: Denied
Document Name: Motion to Vacate Judgment and Request for Hearing
04/20/16 per Judge Bernhardt: Set for hearingCopies mailed06/03/16 copies mailed

As an initial matter, we think it clear that "date of entry" as used in the Rule must necessarily mean the date of entry of the judgment. We clarify that because although Docket Entry 6000 contains a field for "Entered Date," the date provided is that on which the clerk entered the motion itself (March 24), not the date of the entry of judgment. For a

21

litigant or member of the public interested in knowing the date of entry of the judgment, the "Entered Date" of March 24 is unhelpful at best and potentially quite confusing.

Moreover, based on the information then available through the Judiciary website, the only way a litigant or a member of the public would know that a separate document reflecting the judgment was entered on June 3, 2016 would be to make at least three separate assumptions: (1) the ruling of "Denied" was reflected in a separate document constituting a judgment; (2) the word "copies" included in the phrase "06/03/16 copies mailed," which appears at the end of the grammatically-challenging final line of text at the bottom of the entry, refers to copies of that separate document; and (3) the date on which the copies were mailed was also the date the judgment was entered into the electronic case management system. Although we know from the clerk's memorandum that all of this is consistent with the internal practice of his office, there is no way to reliably discern that from the docket entry itself. The entry thus failed the *Hiob* test because it failed to provide litigants and the public with a clear indication of when judgment was entered. Indeed, without the helpful explanation of the circuit court and its clerk, a prior panel of this Court was unable to discern from the docket entries that a separate document setting forth the judgment had even been entered, much less when it was entered.

In sum, Docket Entry 6000 did not provide notice of the date when judgment was entered as required by Rule 2-601(b) and, therefore, could not trigger the beginning of the appeal period. As a result, Mr. Sun Lee's appeal was premature when it was filed on July 6, 2016.

Subsequent to that, however, the version of Docket Entry 6000 that appears through the case search feature on the Judiciary website changed. It now appears as:

> **File Date:** 03/24/2016   **Close Date:** 06/03/2016
> **Filed By:**
> **Document Name:** Motion
> **Comment:** Motion: 6 Sequence: 0 Create Initials: JK Create Date: 03/24/2016 Update Initials: MAF Update Date: 06/03/2016 MMOT - Motion to Vacate Judgment and Request for Hearing 04/20/16 per Judge Bernhardt: Set for hearing Copies mailed 06/03/16 copies mailed Filed: 03/24/2016 Decision: Denied - 06/03/2016

This entry contains what the prior version critically lacked: a clear identification that the decision to deny the motion to vacate was entered on June 3, 2016. Pursuant to Rule 8-602(f), the July 6, 2016 notice of appeal is treated as having been "filed on the same day as, but after, the entry on the docket."[7] Although we do not know for certain when Docket Entry 6000 changed in this way, we know it was after July 31, 2016. For that reason, Mr. Sun Lee's appeal is now ripe to proceed.

## III. THE CIRCUIT COURT ERRED IN DENYING MR. SUN LEE'S MOTION TO VACATE THE RENEWED JUDGMENT.

Mr. Sun Lee contends that Mr. Bok Lee's 2004 filing established a lien based on the federal judgment and not a new state court judgment. Because the underlying federal judgment had expired before 2015, he argues, (1) the lien was not subject to renewal in 2015, (2) the clerk was wrong to renew it at that time, and (3) the circuit court erred in refusing to vacate it. Mr. Bok Lee argues that because he recorded and indexed the federal

---

[7] Rule 8-602(f) provides that "[a] notice of appeal filed after the . . . signing by the trial court of a ruling, decision, order, or judgment but before entry of the ruling, decision, order, or judgment on the docket shall be treated as filed on the same day as, but after, the entry on the docket."

23

court judgment in the circuit court in 2004, the judgment was subject to renewal in the circuit court in 2015 for a new 12-year period.

The circuit court did not agree wholly with either party. The court first determined that in 2004 Mr. Bok Lee filed the federal judgment in Howard County "as a lien" and that the clerk therefore "issued a notice of lien to the Defendants concerning that matter." However, the court also found that because the lien was based on a money judgment, which was recorded and indexed in Howard County in order to establish the lien, it was subject to renewal pursuant to Rule 2-625.[8] That Rule provides: "A money judgment expires 12 years from the date of entry or most recent renewal. At any time before expiration of the judgment, the judgment holder may file a notice of renewal and the clerk shall enter the judgment renewed." Finding Rule 2-625 applicable, the court determined that the 2015 filing was effective and therefore declined to vacate the renewed judgment.

Underlying the circuit court's decision is its legal conclusion that a lien that is based on a money judgment is renewable within 12 years of the establishment of the lien, even if the underlying judgment has subsequently expired. We review that legal conclusion de novo to determine if it was legally correct. *Walter v. Gunter*, 367 Md. 386, 392 (2002) ("[W]here the order involves an interpretation and application of Maryland statutory and case law, our Court must determine whether the lower court's conclusions are 'legally correct' under a *de novo* standard of review.").

---

[8] In what is possibly a transcription error, the transcript quotes the circuit court as referring to Rule 3-625, which is the District Court analogue to Rule 2-625. Regardless, the relevant portion of each rule is identical.

24

Before we proceed, we pause briefly to explain the relationship between a money judgment and a lien. A money judgment is a final order of a court "determining that a specified amount of money is immediately payable [by the judgment debtor] to the judgment creditor." Rule 1-202(q); *see also* Md. Code Ann. Cts. & Jud. Proc. § 11-401(c)(1). A lien, on the other hand, is a mechanism allowing a debt—including but not limited to a money judgment—to be "satisfied out of a particular property." *Montgomery County v. May Dep't Stores Co.*, 352 Md. 183, 195 (1998) (quotation marks omitted). A lien thus "signifies the right of the judgment creditor to order the sale of all or part of the debtor's property to satisfy the judgment." *Kroop & Kurland, P.A. v. Lambros*, 118 Md. App. 651, 664 (1998). In other words, where a money judgment establishes a debt, a lien is a mechanism that can be used to enforce it.

### A. Mr. Bok Lee's 2004 Filing Established a Lien, Not a Judgment.

Mr. Bok Lee's May 21, 2004 filing with the circuit court consisted of three pages. The first page contains a top half and a bottom half, each with separate headings. The top half of the document, which is titled "Request to File Notice of Lien," identifies two separate federal court judgments, one obtained on October 23, 2003 against a Kyung Hee Lee and a second obtained on July 23, 2002 against Mr. Sun Lee and a Steve Woo-Shik Lee.[9] His filing then asks that the clerk "record said Judgment [sic] and send recorded copies to me." The bottom half of the first page, which is separately titled "Notice of Lien of Judgment," includes (1) a statement certifying "that the following Judgments have been

---

[9] Only the judgment against Mr. Sun Lee is at issue here.

25

recorded in this Court . . ." and (2) a line for the clerk to sign and date the certification. The second and third pages of the 2004 filing are certified copies of the two federal judgments.

The effect of this filing is governed by both statute and rule. Section 11-402(b) of the Courts and Judicial Proceedings Article (Repl. 2013; Supp. 2018) provides: "If indexed and recorded as prescribed by the Maryland Rules, a money judgment of a court constitutes a lien to the amount and from the date of the judgment on the judgment debtor's interest in land located in the county in which the judgment was rendered . . . ." A court, for purposes of this statute, includes the United States District Court for the District of Maryland. Cts. & Jud. Proc., § 11-401(b). The Rules are to the same effect. Rule 2-601(c) requires that, "[p]romptly after entry, the clerk shall . . . record and index the judgment . . . in the judgment records of the court . . . ." Rule 2-623(a) similarly requires the clerk, upon receipt, to "record and index" a certified or authenticated judgment of, among others, "a court of the United States." The effect of recording and indexing such judgments, whether the court's own or those of other courts covered by the Rule, is that doing so "constitutes a lien from the date of entry in the amount of the judgment and post-judgment interest on the defendant's interest in land located in that county." Rule 2-621(a).

Under these provisions, the effect of recording and indexing any judgment is the establishment of a lien. John A. Lynch, Jr. & Richard W. Bourne, *Modern Maryland Civil Procedure* § 13.3 (3d ed. 2016) ("Although a money judgment is not self-executing, its entry constitutes a lien on the defendant's interest in land located . . . in any county in which

26

it is recorded."). As a result, pursuant to § 11-402 and Rules 2-621 and 2-623, Mr. Bok Lee's 2004 filing and the consequent indexing and recording of the federal judgment by the clerk created a lien against Mr. Sun Lee's land in Howard County. That filing did not and could not create a new judgment. *See Brunsman v. Crook*, 130 Md. 661, 665 (1917) (concluding, under the predecessor statute to § 11-402, that recording a judgment in a court that did not issue it created a lien, not a new judgment).

Mr. Bok Lee argues that the filing did more than that, either creating a new judgment or somehow breathing new life into the federal court judgment by extending the time in which it could be renewed. He relies on several sources of authority, none of which support his contention.

First, Mr. Bok Lee points to the language of Rule 2-625 itself. The Rule, however, provides him no assistance because (1) it addresses the expiration and renewal of judgments, not their creation, and (2) it ties expiration and renewal to the dates of entry of the judgments themselves, not liens based on them.

Second, Mr. Bok Lee points to the circuit court's 2004 docket entry that stated, in connection with his filing, "Judgment entered on 06/01/04." He also identifies other places in the docket that refer back to "judgment" being entered in 2004 and renewed in 2015. However, the clerk's descriptions of Mr. Bok Lee's filings cannot change the nature of what Mr. Bok Lee actually filed or the legal effect of those filings. *See, e.g.*, *Short v. Short*, 136 Md. App. 570, 578 (2001) ("[W]hen there is a conflict between the transcript of a trial and the docket entries, the transcript, unless shown to be in error, will prevail.") (quoting

27

*Waller v. Md. Nat'l Bank*, 332 Md. 375, 379 (1993)). The law provides that Mr. Bok Lee's 2004 filing created a lien; a clerk's contrary description in a docket entry does not make it something else.

Third, Mr. Bok Lee contends that this matter is controlled by the decision of the United States Court of Appeals for the Fourth Circuit in *Wells Fargo Equip. Fin., Inc. v. Asterbadi*, 841 F.3d 237 (4th Cir. 2016). There, the Fourth Circuit treated a judgment from a Virginia federal court that was recorded and indexed in a Maryland federal court as having the full effect of a judgment. *Id.* at 244-45. That decision, however, turned on a federal law that provided that a money judgment issued by one federal district court and registered in another "shall have the same effect as a judgment of the district court of the district where registered and may be enforced in like manner." *Id.* at 243-44 (quoting 28 U.S.C. § 1963). That statute has no application here, where the issue is the effect of the indexing and recording of the federal judgment in the Circuit Court for Howard County, not another federal court. As to this circumstance, federal law defers to that of Maryland:

> Every judgment rendered by a [federal] district court within a State shall be a lien on the property located in such State in the same manner, to the same extent and under the same conditions as a judgment of a court of general jurisdiction in such State, and shall cease to be a lien in the same manner and time. . . . Whenever the law of any State requires a judgment of a State court to be registered, recorded, docketed or indexed, or any other act to be done, in a particular manner . . . before such lien attaches, such requirements shall apply only if the law of such State authorizes the judgment of a court of the United States to be registered, recorded, docketed, indexed or otherwise conformed to rules and requirements relating to judgments of the courts of the State.

28

28 U.S.C. § 1962.[10]

In sum, we are in agreement with the circuit court that Mr. Bok Lee's 2004 filing with the circuit court, and the clerk's recording and indexing of the federal judgment, created a lien against Mr. Sun Lee's property in Howard County. It did not create a new judgment.

**B.      Rule 2-625 Does Not Permit Renewal of a Lien.**

Mr. Bok Lee contends, and the circuit court agreed, that Rule 2-625 nonetheless authorized the renewal of his judgment in 2015. For several reasons, we disagree. As an initial matter, Rule 2-625, by its plain terms, authorizes renewal of a judgment, not a lien. The Rule could not, therefore, have authorized a renewal of the lien that was created by the 2004 filing.

To the extent that Mr. Bok Lee's argument is that the recording and indexing of his federal judgment in a state circuit court somehow provided authorization for the state court

---

[10] As Mr. Sun Lee argues, Maryland law does provide a mechanism for the enrollment of a foreign judgment in a Maryland court, but that procedure was not followed here. Under subtitle 8 of Title 11 of the Courts and Judicial Proceedings Article, the holder of an authenticated "foreign judgment," which includes a judgment of a "court of the United States," can enroll the judgment in a Maryland circuit court. Cts. & Jud. Proc. §§ 11-801 & 11-802. To do so, among other requirements, (1) the holder of the foreign judgment must file with the clerk "an affidavit showing the name and last known post office address of the judgment debtor and the judgment creditor," (2) the clerk must promptly "mail notice of the" foreign judgment to the debtor and "note the mailing in the docket" or the judgment creditor must "mail a notice of the filing of the judgment to the" debtor and "file proof of mailing with the clerk," and (3) the holder of the foreign judgment must pay a $25 filing fee to the clerk. *Id.* §§ 11-803, 11-805. Mr. Bok Lee does not contend that he followed these procedures and the record confirms that he did not.

to renew the underlying federal judgment itself, he has pointed us to no authority for that proposition and we are aware of none.

And even if there were such authority—which would, at a minimum, raise substantial federalism concerns—the federal judgment had already expired by the time of Mr. Bok Lee's 2015 filing. Federal Rule of Civil Procedure 69(a) provides that the procedure for execution of a money judgment "must accord with the procedure of the state where the court is located" unless governed by a federal statute. Neither party has identified any contrary federal statute. As a result, the federal judgment was governed by Maryland law, including the 12-year expiration provision of Rule 2-625. *See Asterbadi*, 841 F.3d at 245. By July 23, 2015, therefore, the judgment Mr. Bok Lee had obtained against Mr. Sun Lee on July 23, 2002 was no longer extant and could not be renewed.[11] *See Kroop & Kurland, P.A.*, 118 Md. App. at 655-67 (holding that once a judgment expired by operation of law during a period in which the creditor corporation's charter was forfeited, it was not subject to renewal once the corporation revived its charter); Paul V. Niemeyer, et al., *Maryland Rules Commentary* 685-86 (4th ed. 2014) ("A notice of renewal filed after the expiration of the 12-year period is ineffective because a judgment no longer exists to be renewed, and the clerk may not renew the judgment on an untimely notice. The date of entry of judgment from which the 12-year period is measured is the date the judgment was originally entered under Rule 2-601.") (internal citation omitted).

---

[11] For the same reason, we reject Mr. Bok Lee's contention that refusing to allow him to renew his judgment implicates the full faith and credit clause of the United States Constitution. By July 23, 2015, there was no federal money judgment to credit.

30

Indeed, the lien that Mr. Bok Lee's 2004 filing in Howard County had created was itself destroyed automatically by the expiration of the federal judgment in 2014 because a lien is of no effect in the absence of a predicate judgment. *See, e.g.*, *Schlossberg v. Citizens Bank of Md.*, 341 Md. 650, 658-59 (1996) (adopting analysis of federal bankruptcy court that when a judgment is vacated, "a dependent judgment lien is destroyed") (quoting *In re Broyles*, 161 B.R. 149, 154-55 (Bankr. D. Md. 1993)); *Chambers v. Cardinal*, 177 Md. App. 418, 436 (2007) ("Under Maryland law, a judgment lien . . . signifies only the right of the judgment creditor . . . to satisfy his judgment.") (quoting *Back v. I.R.S.*, 51 Md. App. 681, 693 (1982)); *Kroop & Kurland*, 118 Md. App. at 665 (observing that the expiration of a judgment by operation of law 12 years after its entry extinguished the dependent lien on the judgment debtor's property). Thus, by the time Mr. Bok Lee made his 2015 filing, neither his original 2002 federal judgment nor the lien created when he recorded that judgment in Howard County in 2004 remained effective. Simply put, there was nothing for him to renew. The circuit court thus erred in denying Mr. Sun Lee's motion to vacate the clerk's renewal of the expired judgment.

**MOTION TO DISMISS DENIED. JUDGMENT OF THE CIRCUIT COURT FOR HOWARD COUNTY REVERSED. CASE REMANDED WITH INSTRUCTIONS TO VACATE THE RENEWED JUDGMENT. COSTS TO BE PAID BY APPELLEE.**